# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

FILED
SCRANTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAY 14 2007

_AM-3086_
**(Inmate Number)**

PER _____
DEPUTY CLERK

_HENRY UNSELD WASHINGTON_
**(Name of Plaintiff)**

**4: CV 07-0867**
**(Case Number)**

_1100 PIKE ST., HuntINGDON, PA, 16654-1112_
**(Address of Plaintiff)**

**vs.**

**COMPLAINT**

_JAMES L. GRACE; DAVID J. WAKEFIELD; DORINA VARNER;_
_MELVIN S. LOCKETT; R. M. LAWLER; HARRY WILSON; LINDA_
_HARRIS; MARK KRYSEVIG; CAROL SCIRE; S. GLUNT_
**(Names of Defendants)**

TO BE FILED UNDER: ___✓___ **42 U.S.C. § 1983 - STATE OFFICIALS**

_____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

I.   Previous Lawsuits

    A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

      _WASHINGTON V. KLEM, NO. 01-CV2432; 2001 ; HONORABLE: JOHN_
      _E. JONES_

II.   Exhaustion of Administrative Remedies

    A.    Is there a grievance procedure available at your institution?
        ___✓___Yes  _____No

    B.    Have you filed a grievance concerning the facts relating to this complaint?
        ___✓___Yes  _____No

        If your answer is no, explain why not _THERE IS DEFINITELY GOING TO BE A VICIOUS RETALIATIONS_
        _AND PUNITIVE ACTIONS TAKEN AGAINST ME FOR MY HAVING FILED THIS 42 U.S.C. 1983 COMPLAINT_

    C.    Is the grievance process completed?  ___✓___Yes  _____No

III.   Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use Item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant JAMES L. GRACE -DAVID J. WAKEFIELD -DORINA VARNER- R.M. LAWLER   is employed

as WARDEN -WARDEN'S ASSISTANT - DEPUTY WARD at SCI- HUNTINGDON, & SCI- FAYETTE

B.   Additional defendants S. GLUNT - MELVIN S. LOCKETT - HARRY E. WILSON - LINDA D. HARRIS - MARK R.

KRYSEVIG - CAROL SCIRE - BARTLEY - RHODES - DOBRYZINSKI - FASTRACK - KOVAL - RITCHER/RI-

CHEY - JOHN S. SCHAFFER - WILLIAM S. STICKMAN - MICHAEL A. FARNAN - ALAN B. FOGEL - CA-

FESHER - CAPT MANCHAS - CAPT KAUFFMAN - CAPT. SCOTT NICKELSON - LT. J. EWING - LT. T. HOLTZ -

LT. R. COOPER - SGT. JOHNSON -MIRABELLA - LILLA-B, BUTTER -B. SMITH-HOSLER-McLAIN

IV.  Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

1.   DEFENDANT: JAMES L. GRACE; AT ALL TIMES RELEVANT ████ TO THIS ACTION IS THE WARDEN OF THE STATE

CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR

THE SAFETY - MEDICAL CARE - CUSTODY - CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA.

16654-1112; FROM 2005 - TIL TO DATE! FAILED TO UPHOLD HIS DUTIES AND INDIVIDUAL CAPACITY
IS BEING SUED

DEFENDANT:

2.   DAVID J. WAKEFIELD 'AT ALL TIMES RELEVANT ████ TO THIS ACTION IS THE WARDEN OF THE

STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY

RESPONSIBLE FOR THE SAFETY -MEDICAL CARE - CUSTODY -N-CONTROL OF INMATES 1100 PIKE ST.,

HUNTINGDON, PA. 16654-1112; FROM 2005 - TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS
INDIVIDUAL AND OFFICAL CAPACITY

3.   DEFENDANT: DORINA VARNER, AT ALL TIMES ████ RELEVANT TO THIS ACTION IS THE WARDEN'S ASSIS-

TANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE

FOR THE SAFETY-MEDICAL CARE-CUSTODY-N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112;

FROM 2005 - TIL TO DATE! FAILED TO UPHOLD HER DUTIES. IS BEING SUED IN HER OFFICAL AND INDIVIDUAL CAPACITY

I.V. STATEMENT OF CLAIM: PART TWO     PAGE 3 A

4. ACTION IS SUPERINTENDENT OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY, CARE - AND CONTROL OF THE INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILURE TO UPHOLD HIS DUTIES IS BEING SUED IN HIS OFFICE AND INDIVIDUAL CAPACITY.

5. DEFENDANT: CAROL SCIRE, AT ALL TIMES RELEVANT TO THIS ACTION IS THE SUPERINTENDENT'S ASSISTANT OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE CUSTODY -N- CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15750, FROM 2005 TIL TO DATE! FAILURE TO UPHOLD HER DUTIES, BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

6. DEFENDANT: R. M. LAWLER, AT ALL TIMES RELEVANT TO THIS HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY - N- CONTROL OF INMATES OF STATE CORRECTIONAL INSTITUTE HUNTINGDON, DEPARTMENT OF CORRECTION THE DEPUTY WARDEN, 1100 PIKE ST, HUNTINGDON, PA. 16654-1112, FROM 2005 TIL TO DATE! FAILURE TO UPHOLD HIS DUTIES BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

7. DEFENDANT: MELVIN S. LOCKETT, AT ALL TIMES RELEVANT TO THIS ACTION IS THE DEPUTY WARDEN OF STATE CORRECTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

8. DEFENDANT: LINDA D. HARRIS, AT ALL TIMES RELEVANT TO THIS ACTION IS DEPUTY WARDEN OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HER DUTIES IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY.

9. DEFENDANT: MARK A. KRYSEVIG, AT ALL TIMES RELEVANT TO THIS ACTION IS DEPUTY WARDEN OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR TH SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15750-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HI DUTIES IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

10. DEFENDANT: S. GLUNT, AT ALL TIMES RELEVANT TO THIS ACTION IS THE MAJOR OF UNIT MANAGEMENT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR UNIT MANAGEMENT TEAMS ASSIGNED TO EACH HOUSING UNIT - SUPERVISES ALL CORRECTIONS OFFICERS - DAILY SECURITY OF THE INSTITUTION, AND THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

11. DEFENDANT: FISHER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CAPTAIN OF SECURITY DEPARTMENT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGTON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION - AND THE SAFETY OF ALL STAFF AND INMATES, AND THE MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

12. DEFENDANT: KAUFFMAN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CAPTAIN OF THE DEPARTMENT OF SECURITY OF STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION AND STAFF MEMBERS; AND THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

13. DEFENDANT: R. MANCHAS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CAPTAIN OF SECURITY OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION AND THE STAFF, AND SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

14. DEFENDANT: SCOT WALTERS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CAPTAIN OF STATE CORRECTIONAL INSTITUTION, FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - CUSTODY - CARE, AND CONTROL OF THE INMATES. BOX 9999, LaBELLE, PA. 15450-0999, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

15. DEFENDANT: R. COOPER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF THE INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIA AND INDIVIDUAL CAPACITY

16. DEFENDANT: LT. T. HOLTZ, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF THE INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY

17. DEFENDANT: J. EDDINS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF THE INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

18. DEFENDANT: LT. HARMAN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF THE INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

19. DEFENDANT: JOHNSON, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF INMATES. 1100 PIKE ST, HUNTINGDON, PA. 16654-1112; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, TO BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

20. DEFENDANT: G. WALTER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, P

IV.   PART TWO   PAGE 2B

16657-III, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

21. DEFEND: BAIRD, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY-MEDICAL CARE - CUSTODY-AND CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

22. DEFENDANT: MAZINGO, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF THE INMATES. BOX 9999, LaBELLE, PA. 15450-0999, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN OFFICIAL AND INDIVIDUAL CAPACITY.

23. DEFENDANT: CRUMB, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY-MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES. BOX 9999; LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

24. DEFENDANT: GEORGE REPOSKY, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION, AND SAFETY - MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

25. DEFENDANT: JON TUSTIN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE LIEUTENANT OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE DAILY SECURITY OF THE INSTITUTION AND SAFETY -MEDICAL CARE -CUSTODY-N-CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450 -0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

26. DEFENDANT: MARY LOU SHOWALTER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE HEALTH CARE ADMINISTRATOR OF STATE CORRECTIONAL INSTITUTION, HUNTINGDON, DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES, IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY

27. DEFENDANT: ROBERT TRETINIK, AT ALL TIMES RELEVANT TO THIS ACT IS THE HEALTH CARE ADMINISTRATOR OF STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. BOX 9999, LaBELLE, PA. 15450, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND IN INDIVIDUAL CAPACITY

28. DEFENDANT: MS. MILLS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE PAC (PHYSICIANS ASSISTANT) OF STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES, IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY.

IV. PART TWO: PAGE 2C

29. DEFENDANT: CHRIS MEYER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE PAC (PHYSICIANS ASSISTANT) OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE -N- TREATMENT OF INMATES. BOX 9999, LaBELLE, PA. �box - ▆ 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

30. DEFENDANT: DR. ROMEO, AT ALL TIMES RELEVANT TO THIS ACTION IS THE DOCTOR OF STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF ■ CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL ▆▆ CARE AND TREATMENT OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

31. DEFENDANT: ARANEDA, AT ALL TIMES RELEVANT TO THIS ACTION IS THE MEDICAL DOCTOR AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! HAS FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICAL AND INDIVIDUAL CAPACITY.

32. DEFENDANT: SOLOMON, AT ALL TIMES RELEVANT TO THIS ACTION IS THE DOCTOR AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTION, HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

33. DEFENDANT: KLEMICK, AT ALL TIMES RELEVANT IS THE MEDICAL DOCTOR AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

34. DEFENDANT: ROBERT ATLMAN, AT ALL TIMES RELEVANT TO THIS ACTION IS PSYCHIATRIST AT THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR MEDICAL CARE AND TREATMENT OF INMATES WITH MENTAL -N- PSYCHOLOGICAL PROBLEMS. 1100 PIKE ST., HUNTINGDON, ■ PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICAL AND INDIVIDUAL CAPACITY

35. DEFENDANT: M. HERBIK, AT ALL TIMES RELEVANT TO THIS ACTION IS THE MEDICAL DOCTOR AT STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT OF INMATES. BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

36. DEFENDANT: BARBARA J. HOLLIBAUGH, AT ALL TIMES RELEVANT TO THIS ACTION IS THE UNIT MANAGER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. SHE IS RESPONSIBLE FOR THE MANAGEMENT TEAM OF EACH UNIT - OPEN COMMUNICATION AND MEANINGFUL INTERACTION BETWEEN INMATES AND STAFF, AND SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES; IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY

37. DEFENDANT: SCOTT WALTERS, AT ALL TIMES RELEVANT TO THIS ACTION IS UNIT MANAGER AT STATE CORRECTIONAL INSTITUTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS RESPONSIBLE FOR THE SUPERVISION OF THE MANAGEMENT TEAM OF HIS ASSIGNED UNIT - OPEN COMMUNICATION, AND MEANINGFUL INTERACTION BETWEEN INMATES AND STAFF, AND SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES; IS BEING SUED IN HIS OFFICIAL

IV. PART TWO. PAGE 5D

38. CHARLES POWLEY, AT ALL TIMES RELEVANT TO THIS ACTION IS UNIT MANAGER OF THE STATE CORRECTIONAL INSTITUTION FAYETTE [____], DEPARTMENT OF CORRECTION, HE IS LEGALLY RESPONSIBLE FOR THE MANAGEMENT TEAM OF HIS ASSIGNED UNIT - OPEN COMMUNICATION, AND MEANINGFUL INTERACTION BETWEEN INMATES AND STAFF, AND SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450 - 0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

39. DEFENDANT: MICHAEL ZAKEN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE UNIT MANAGER OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE MANAGEMENT TEAM OF HIS ASSIGNED UNIT - OPEN COMMUNICATION - N - MEANINGFUL INTERACTION BETWEEN INMATES N-STAFF, AND SAFETY - MEDICAL CARE - CUSTODY -N - CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450 -0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

40. DEFENDANT: AMY R. GINTER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE COUNSELOR OF THE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, SHE IS LEGALLY RESPONSIBLE FOR OPEN COMMUNICATIONS MEANINGFUL INTERACTION BETWEEN INMATES -N- STAFF, AND SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654 -1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES; IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

41. DEFENDANT: P. GRESSINGER, AT [____] ALL TIMES RELEVANT TO THIS ACTION IS THE COUNSELOR AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE OPEN COMMUNICATIONS - MEANINGFUL INTERACTION BETWEEN INMATES-N-STAFF, AND SAFETY-MEDICAL CARE-CUSTODY N- CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654 -1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HER DUTIES; IS BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY.

42. DEFENDANT: GARY ABRAMS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE COUNSELOR AT STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR OPEN COMMUNICATIONS - MEANINGFUL INTERACTION BETWEEN INMATES -N- STAFF, AND SAFETY - MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450 - 0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

43. DEFENDANT: CHRISTINA SORBIN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE COUNSELOR AT STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, SHE IS LEGALLY RESPONSIBLE FOR OPEN COMMUNICATIONS - MEANINGFUL INTERACTION BETWEEN INMATES-N-STAFF, AND SAFETY) - MEDICAL CARE - CUSTODY - N- CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450- 0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HER DUTIES; IS BEING SUED IN HER OFFICIAL -N- INDIVIDUAL CAPACITY,

44. DEFENDANT: ROY BARNES, AT ALL TIMES RELEVANT TO THIS ACTION IS THE COUNSELOR AT STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR OPEN COMMUNICATIONS - MEANINGFUL INTERACTION BETWEEN - N - STAFF, AND MEDICAL CARE - CUSTODY - N - CONTROL OF INMATES. BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

45. DEFENDANT: JOHNSON, AT ALL TIMES RELEVANT TO THIS ACTION IS THE RHU SERGEANT AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR SAFETY - MEDICAL CARE - CUSTODY

N-CONTROL OF INMATES. 1100 PIKE ST. HUNTINGDON, PA 16654-1112 FROM 2005 TIL TO DATE! FAILED TO UP-HOLD HIS DUTIES, IS BE SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

46. DEFENDANT: MIRABELLA, AT ALL TIMES RELEVANT TO THIS ACTION IS THE RHU SERGEANT AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY N-CONTROL OF INMATES, 1100 PIKE STREET, HUNTINGDON, PA 16654-1112 FROM 2005 TIL TO DATE! FAILED TO UP-HOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

47. DEFENDANT: LTELLA, AT ALL TIMES RELEVANT TO THIS ACTION IS THE RHU SERGEANT AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE CUSTODY-SAFETY-MEDICAL CARE-N-CONTROL OF INMATES. 1100 PIKE STREET, HUNTINGDON, PA. 16654-1112, FROM 2005 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

48. DEFENDANT: YOUNKER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES.1100 PIKE ST., HUNTINGDON, PA. 16654-1112, FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

49. DEFENDANT: McKNIGHT, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS RESPONSIBLE FOR THE SAFETY-MEDICAL CARE CUSTODY-N-CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA, 16654-1112 FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

50. DEFENDANT: S. GRASSMYER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST, HUNTINGDON, PA. 16654-1112, FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

51. DEFENDANT: R. PROKOP, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112, FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

52. DEFENDANT: RHODES, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST, HUNTINGDON, PA. 16654-1112, FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN OFFICIAL AND INDIVIDUAL CAPACITY.

53. DEFENDANT: MR. MILLS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES. 1100 PIKE ST, HUNTINGDON, PA 16654-1112, FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY, 6-2 OFFICER MR. MILLS.

54. DEFENDANT: MR. MILLS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER ON THE 2-10 SHIFT AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA 16654-1112, FROM 2006 TIL TO DATE! FAILED UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-AND-INDIVIDUAL CAPACITY.

55. DEFENDANT: LONG, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

56. DEFENDANT: BARTLEY, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONAL OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

57. DEFENDANT: TAUDEE, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL -N- INDIVIDUAL CAPACITY.

58. DEFENDANT: LEHMAN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY -MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL -N- INDIVIDUAL CAPACITY.

59. DEFENDANT: YEDOLSKI, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY -N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112, FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

60. DEFENDANT: YOST, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

61. DEFENDANT: D. DECKER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY -MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006-TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN OFFICIAL AND IN HIS OFFICIAL -N- INDIVIDUAL CAPACITY.

62. DEFENDANT: G. C. BERGER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY, - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES, IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

63. DEFENDANT: EVERHART, AT ALL TIMES, RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY -MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112, FROM 2006 -TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

64. DEFENDANT: HALL, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL IV. PART TWO: PAGE 2 G

AL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY -N- CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

65. DEFENDANT: MR. SHOWALTER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY -N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

66. DEFENDANT: DONALDSON, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONAL OFFICER AT STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

67. DEFENDANT: R.A. STEVER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED DUTIES OFFICIAL AND INDIVIDUAL CAPACITY

68. DEFENDANT: SERGEANT SHOMPERT: AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE FAYETTE CORRECTIONAL INSTITUTION. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY CONTROL OF INMATES, BOX 9999, LABELLE, PA. 15450-0999 FROM 2005 - TIL-TO- DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

69. DEFENDANT: DOBRYZINSKI, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA 15450-0999; FROM 2005-TIL-TO-DATE! FAILED TO UPHOLD THIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

70. DEFENDANT: PEASTRACK, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

71. DEFENDANT: KOVAL, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

72. DEFENDANT: RITZHER/RICHEY, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

73. DEFENDANT: MARK POWELL, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR THE SAFETY-MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES;

IV. PART TWO: PAGE 2 H

74. DEFENDANT: HAYDEN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONAL OFFICER AT THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA. 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

75. DEFENDANT: D. EVANS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE OFFICER OF CORRECTIONS OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA, 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

76. DEFENDANT: SNYDER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER AT STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY- MEDICAL CARE-CUSTODY -N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA, 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

77. DEFENDANT: CRITCHMAN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION FAYETTE, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY- MEDICAL CARE-CUSTODY-N-CONTROL OF INMATES, BOX 9999, LaBELLE, PA, 15450-0999; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

78. DEFENDANT: SHARON M. BURKS, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CHIEF GRIEVANCE OFFICER/COORDINATOR AT THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE GRIEVANCE BEING HEARD AND RESOLVED OF ALL INMATES GRIEVANCES. DEPARTMENT OF CORRECTIONS, 2520 LISBURN ROAD, P.O. BOX 598, CAMP HILL, PA. 17001-0598. SHE IS BEING SUED IN HER OFFICIAL-N-INDIVIDUAL CAPACITY. FAILED TO UPHOLD HER DUTIES; FROM 2005 TIL-TO-DATE!

79. DEFENDANT: JEFFREY A. BEARD, AT ALL TIMES RELEVANT TO THIS ACTION IS THE SECRETARY/COMMISSIONER OF THE PA. DEPARTMENT OF CORRECTIONS AT THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N-CONTROL OF 'ALL' INMATES IN EVERY PA. STATE CORRECTIONAL INSTITUTION LOCATED WITHIN THE STATE OF PA. 2520 LISBURN ROAD, P.O. BOX 598; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

80. DEFENDANT: JOHN S. SCHAFFER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE EXECUTIVE DEPUTY COMMISSIONER OF THE PA. DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY- MEDICAL CARE-CUSTODY-N-CONTROL OF 'ALL' INMATES IN EVERY PRISON/PA. STATE PRISON LOCATED IN PA. 2520 LISBURN ROAD, P.O. BOX 598; FROM 2005 TIL-TO-DATE!

IV. PART TWO, PAGE: I

81. DEFENDANT: WILLIAM S. STICKMAN ; AT ALL TIMES RELEVANT TO THIS ACTION IS THE DEPUTY COMMISSIONER OF PA. DOC, AT THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY - MEDICAL CARE - CUSTODY - N - CONTROL OF 'ALL' OF THE INMATES IN HIS ASSIGNED REGION. FAYETTE, AND HUNTINGDON ARE BOTH IN HIS ASSIGNED REGION. 2520 LISBURN ROAD, P.O. BOX 598, CAMP HILL, PA. 17001-0598; FROM 2005 TIL TO - DATE! FAILED UPHOLD HIS DUTIES, HE IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY.

82. DEFENDANT: MICHAEL A. FARNAN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CHIEF COUNSEL FOR THE DEPARTMENT OF CORRECTIONS COMMISSIONER'S OFFICE OF GENERAL COUNSEL AT THE PA. DOC. HE IS RESPONSIBLE FOR REPRESENTING THE DOC IN THEIR DISPUTES WITH INMATE, AND SAFETY - MEDICAL CARE - CUSTODY-N-CONTROL OF INMATES. 2520 LISBURN ROAD, P.O. BOX 598, CAMP HILL, PA. 17001-0598; FROM 2005 TIL-TO-DATE! FAILED TO UPHOLD HIS DUTIES; HE IS BEING SUED IN HIS OFFICIAL-N-INDIVIDUAL CAPACITY

83. DEFENDANT: ALAN B. FOGEL, AT ALL TIMES RELEVANT TO THIS ACTION IS THE DIRECTOR OF BUREAU OF HEALTH CARE AND FOOD SERVICES FOR THE PA. DEPARTMENT OF CORRECTIONS. AND, ALSO RESPONSIBLE FOR THE MEDICAL CARE N - TREATMENT OF 'ALL' INMATES IN THE PA DOC. P.O. BOX 598, 2520 LISBURN ROAD, CAMP HILL, PA. 17001-0598; FROM 2005 TIL-TO- DATE! FAILED TO UPHOLD HIS DUTIES; HE IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

84. DEFENDANT: B. BULTER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE CUSTODY - CARE - SAFETY-MEDICAL CARE-N-CONTROL OF 'ALL' INMATES. 1100 PIKE STREET, HUNTINGDON, PA. 16654-1112. HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY FAILED TO UPHOLD HIS DUTIES FROM 2006 TIL TO DATE!

85. DEFENDANT: HOSLER, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE-CUSTODY-N- CONTROL OF THE INMATES. 1100 PIKE STREET, HUNTINGDON, PA. 16654-1112. FROM 2006 TO DATE! FAILED TO UPHOLD HIS DUTIES IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

86. DEFENDANT: B. SMITH, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY-MEDICAL CARE - CUSTODY-N- CONTROL OF THE INMATES. 1100 PIKE STREET, HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

87. DEFENDANT: McCLAIN, AT ALL TIMES RELEVANT TO THIS ACTION IS THE CORRECTIONS OFFICER OF THE STATE CORRECTIONAL INSTITUTION HUNTINGDON, DEPARTMENT OF CORRECTIONS. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY -MEDICAL CARE-CUSTODY-N-CONTROL OF THE INMATES. 1100 PIKE ST., HUNTINGDON, PA. 16654-1112; FROM 2006 TIL TO DATE! FAILED TO UPHOLD HIS DUTIES IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

IV. PART TWO: PAGE - 'J'

| NAMES: | POSITION | PLACE OF EMPLOYMENT : |
|---|---|---|
| 1. HARMAN | LIEUTENANT | HUNTINGDON |
| 2. JOHNSON | " | " |
| 3. G. WALTER | " | " |
| 4. BAIRD | " | " |
| 5. MUZZINGO | " | SCI-FAYETTE |
| 6. CRUMB | " | " |
| 7. GEORGE REMSKY | " | " " |
| 8. TOM TUSTIN | " | " " |
| 9. MARY LOU SHOWALTER | HEALTH CARE ADMINISTRATOR | SCI-HUNTINGDON |
| 10. ROBERT TRETINIK | " " " | " - FAYETTE |
| 11. Ms. MILLS | PAC (PHYSICIAN'S ASSISTANT) | SCI-HUNTINGDON |
| 12. CHRIS MEYER | " | SCI-FAYETTE |
| 13. DR. ROMEO | DOCTOR | SCI-HUNTINGDON |
| 14. DR. ALSIVEDA | " | SCI-HUNTINGDON |
| 15. DR. SOLOMON | " | SCI-HUNTINGDON |
| 16. DR. KLEMICK | " | SCI-HUNTINGDON |
| 17. DR. ROBERT ATLMAN | " | SCI-HUNTINGDON |
| 18. DR. HERBIK | " | SCI-FAYETTE |
| 19. Ms. BARBARA J. HOLLIBAUGH | UNIT MANAGER | SCI-HUNTINGDON |
| 20. SCOTT WALTERS | " " | " " |
| 21. CHARLES POWLEY | " " | SCI-FAYETTE |
| 22. MICHAEL ZAKEN | " " | SCI-FAYETTE |
| 23. AMY E. GENTER | COUNSELOR | SCI-HUNTINGDON |
| 24. | " | " " |
| 25. MARY HOWARD | " | SCI-FAYETTE |
| 26. CHRISTINA SORBIN | " | " " |
| 27. ROY BARNES | " | " " |
| 28. SGT. JOHNSON | SERGEANT | SCI-HUNTINGDON |

III. B; PART TWO: PAGE ①

29. SGT. MIRABELIA — SERGEANT — SCI-HUNTINGDON
30. SGT. LILLI — " " — " " " "
31. SGT. SHUMBERT — " " — SCI- FAYETTE
32. YOUNKER — CORRECTIONS OFFICER — SCI- HUNTINGDON
33. McKNIGHT — " " — " " " "
34. B. CRALSMYER — " " — " " " "
35. A. PROKOP — " " — " " " "
36. RHODES — " " — " " " "
37. MR. MILLS ON 6-2 SHIFT — " " — " " " "
38. MR. MILLS ON 2-10 SHIFT — " " — " " " "
39. LONG — " " — " " " "
40. BARTLEY — " " — " " " "
41. TADDEI — " " — " " " "
42. LEHMAN — " " — " " " "
43. YEDOLSKI — " " — " " " "
44. YOST — " " — " " " "
45. D. BECKER — " " — " " " "
46. S C. BERGER — " " — " " " "
47. EVERHART — " " — " " " "
48. HALL — " " — " " " "
49. MR. SHOWALTER — " " — " " " "
50. DONALDSON — " " — " " " "
51. R. A. STEVER — " " — " " " "
52. DARRYL FABRE — " " — SCI- FAYETTE
53. PENATRACK — " " — " " " "
54. KOVAL — " " — " " " "
55. NITCHER/OR KICHEY — " " — " " " "
56. MARK POWELL — " " — " " " "
57. HAYDEN — " " — " " " "
58. D. EVANS — " " — " " " "

III B. PART TWO  PAGE (2)

| 59. | SNYDER | CORRECTIONS OFFICER | SCI-FAYETTE |
| 60. | CRUTCHMAN | | " " |
| 61. | SHARON M. BURKS | CHIEF GRIEVANCE OFFICER COORDINATOR | PA. DEPARTMENT OF CORRECTIONS |
| 62. | JEFFREY A. BEARD | PA DOC COMMISSIONER | " " " " |
| 63. | JOHN S. SCHAFFER | EXECUTIVE DEPUTY COMMISSIONER | |
| 64. | WILLIAM S. STICKMAN | DEPUTY COMMISSIONER | " " " " |
| 65. | MICHAEL H. FARNAN | DIRECTOR/CHIEF COUNSEL FOR THE DOC CHAIRMAN'S OFFICE OF GENERAL COUNSEL | " " " " |
| 66. | ALAN B. FOGEL | DIRECTOR OF BUREAU OF HEALTH CARE AND FOOD SERVICES | " " " " |
| 67. | B. BULTER | CORRECTIONS OFFICER | SCI-HUNTINGDON |
| 68. | B. SMITH | " " | " " |
| 69. | McCLAIN | " " | " " |
| 70. | HOSLER | " " | " " |
| 71. | DAVID J. WAKEFIELD | WARDEN | " " |
| 72. | JAMES L. GRACE | " " | " " |
| 73. | MELVIN S. LOCKETT | DEPUTY " | " " |
| 74. | R. M. LAWLER | " " | " " |
| 75. | S. GLUNT | MAJOR OF UNIT MANAGEMENT | " " |
| 76. | FISHER | MAJOR | " " |
| 77. | KAUFFMAN | CAPTAIN OF SECURITY | " " |
| 78. | HARRY E. WILSON | WARDEN | SCI-FAYETTE |
| 79. | LIND HARRIS | DEPUTY WARDEN | " " |
| 80. | MARK KRYSEVIG | " " | " " |
| 81. | CAROL SCIRE | WARDEN'S ASSISTANT | " " |
| 82. | MANCHAS | CAPTAIN OF SECURITY | " " |
| 83. | DORINA VARNER | WARDEN ASSISTANT | SCI-HUNTINGDON |
| 84. | SCOTT NICKELSON | CAPTIAN | SCI- FAYETTE |
| 85. | T. HILTZ | LIEUTENANT | SCI-HUNTINGDON |
| 86. | ROBERT ALTMAN | PSYCHIATRIST | " " |
| 87. | J. EWING | LIEUTENANT | " " |
| 88. | R. COOPER | " " | " " |

**V.    Relief**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. IMMEDIATE PERMANENT RESTRAINING ORDER/PERMANENT INJUNCTION, WHICH ENTAILS THE IMMEDIATE "SEPARATION" FROM "ALL" SCI-HUNTINGDON STAFF AND "ALL" PA DOC STAFF IN "ANY-N-ALL" PRISONS LOCATED IN NORTHERN - CENTRAL - WESTERN, PA, VIA AN IMMEDIATE TRANSFER TO THE FURTHEREST LOCATED FACILITY IN EASTERN PA LOCATED OUTSIDE OF NORTHERN - CENTRAL - WESTERN, PA, AND SCI-HUNTINGDON; IMMEDIATE ACCESS TO "SPECIALISTS" FOR SEVERAL SERIOUS HEALTH PROBLEMS, CHRONIC AILMENTS.

2. COMPENSATORY - PUNITIVE -N- NOMINAL DAMAGES; MONEY DAMAGES; INJUNCTIVE ___ - DECLARATORY RELIEF FOR "MENTAL OR EMOTIONAL" INJURY; DESTRUCTION OF MY LEGAL MATERIAL AND LEGAL EXHIBITS, AND A COLLECTION OF "CLASSIC/COLLECTORS ITEMS" OF RELIGIOUS LITERATURE, AND THE SABOTAGE OF MY PERSONAL PROPERTY; LEGAL EXPENSES; ASSIGNMENT TO A PERMANENT FULL TIME EIGHT (8) HOUR A DAY JOB

3. EITHER OF THE DEFENDANTS PERMANENT REMOVAL FROM PA DOC JOBS AND PERMANENT EXCLUSION FROM ANY-N-ALL STATE AND FEDERALLY FUNDED JOBS

Signed this   3rd   day of   MAY   , 2007 .

Henry Unold Washington
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

5-3-2007
(Date)

Henry Conald Washington
(Signature of Plaintiff)

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
           PLAINTIFF

         V.

JAMES L. GRACE - DAVID J. WAKEFIELD - DORINA
VARNER - MELVIN S. LOCKETT; R.M. LAWLER - HARRY
WILSON - LINDA D. HARRIS - MARK KRYSEVIG - CAROL
SCIRE - S. GLUNT
           DEFENDANTS

(CASE NUMBER)

MOTION FOR APPOINTMENT
OF
COUNSEL

PURSUANT TO 28 U.S.C. §§ 1915 (E)(1) PLAINTIFF MOVES FOR AN ORDER APPOINTING COUNSEL TO REPRESENT HIM IN THIS CASE, ████████ IN SUPPORT OF THIS MOTION, PLAINTIFF STATES:

1. PLAINTIFF IS UNABLE TO AFFORD COUNSEL. HE HAS REQUESTED LEAVE TO PROCEED IN FORMA PAUPERIS.

2. PLAINTIFF'S IMPRISONMENT WILL GREATLY TO LITIGATE. THE ISSUES INVOLVED IN THIS CASE ARE

COMPLEX, AND WILL REQUIRE SIGNIFICANT RESEARCH AND INVESTIGATION. PLAINTIFF HAS LIMITED ACCESS TO THE LAW LIBRARY AND VERY LIMITED KNOWLEDGE OF THE LAW, e.g. PLAINTIFF IS IN SOLITARY CONFINE-

MENT, THERE ARE NO! LAW BOOKS, CLERKS, PHOTO COPYING MACHINES; SELDOM ARE OUR REQUEST FOR CASE

OF LAW EVER ANSWERED. EVEN THE MIDDLE DISTRICT HAS IMPLIED THAT PLAINTIFF LACK LEGAL SKILLS; PLAINT-

IFF HAS A 5TH GRADE READING COMPREHENSION SKILLS; THERE IS NO SET DATE FOR WHEN PLAINTIFF WILL BE

RELEASED FROM SOLITARY CONFINEMENT.

3. PLAINTIFF IS UNABLE TO AFFORD COUNSEL.

4. A HEARING, AND FOLLOWED BY A 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT, AND A TRIAL IS LIKELY WHICH

VOLVE CONFLICTING TESTIMONY, AND COUNSEL WOULD BETTER ENABLE PLAINTIFF TO PRESENT EVIDENCE AND CROSS E

AMINE WITNESSES.

5. PLAINTIFF SUFFERED A HEARTATTACK, WHEREAS TO _DATE!_ IS STRUGGLING TO BREATHE, IMPAIRED MOVEM

IN LEFT ARM AND SHOULDER - FORCED TO WALK WITH PAIN IN MY CHEST LEFT TEMPLE, WHEREIN IT IT IS TAKEN ME MOR

THAN THREE WEEKS TO COMPLETE THIS MOTION

6. PLAINTIFF HAS ▓▓ MADE REPEATED EFFORTS TO OBTAIN A LAWYER TO DATE! RESPONSES HAVE ALL BEEN TO NO
   AVAIL.

        WHEREFORE, PLAINTIFF'S REQUEST THAT THE MIDDLE DISTRICT APPOINT EITHER OF THE FOLLOWING

ATTORNEYS: SCHNADER-HARRIS-SEGAL-LEWIS; JEAN GIBBS; CHARLES OGLETREE; MICHAEL COARD; ROY BLACK; RON

KUBY; GEOFFREY FIEGER; ALAN DERSHOWITZ; MILTON GRIMES; GOLDBERG-KATZMAN-SHIPMAN; ERNEST D. PREATE

ALL MEMBERS OF THE PENNSYLVANIA BAR; AS COUNSEL ON THIS MOTION AND THE ATTACHED 42 U.S.C. 1983 CIVIL

RIGHT COMPLAINT AND MOTION FOR A TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION.

ALL OF THE FOREMENTIONED ATTORNEYS, AND I HAVE EXCHANGED LETTERS OVER THE LAST FEW MONTHS SO I HAVE

CONFIDENCE THAT AS MY ATTORNEY THEY WILL PURSUE EVERY ISSUE WITH PASSION. EACH ONE ▓▓ PRACTICE

IN THE STATE OF PA., THEREFORE ALL ARE QUITE VERSED IN PENNSYLVANIA LOCAL RULES OF THE COURT, AND

FEDERAL RULES OF CIVIL PROCEDURE, AND FAMILIAR WITH ISSUES SURROUNDING THIS CASE.

"RESPECTFULLY SUBMITTED"

S/ henry unseld Washington

DATED: 5-3-2007

HENRY UNSELD WASHINGTON
AM 3034
SCI/HUNTINGDON
1100 PIKE ST
▓▓▓▓▓ PA. 16654-1112
HUNTINGDON,

HENRY UNSELD WASHINGTON
     PLAINTIFF

    V.

JAMES L. GRACE; DAVID I. WAKEFIELD; DORINA
VARNER; MELVIN S. LOCKETT; R.M. LAWLER; HARRY
WILSON; LINDA D. HARRIS; MARK KRYSEVIG; CAROL
SCIRE; S. BLINT

(CASE NUMBER)

MOTION FOR A TEMPORAR RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO/PRELIMINARY INJUNCTION

STATEMENT OF THE CASE

    THIS IS A CIVIL RIGHTS ACTION BROUGHT UNDER 42 U.S.C. SEC. 1983, BY A PRISONER WHO EXERCISE OF RELIGIOUS RIGHTS, ACCESS TO THE COURTS, AND ACCESS TO ALL FORMS OF SERIOUS MEDICAL TREATMENT GUARRANTEED BY THE 1st AND 8th AMENDMENTS OF THE U.S. CONSTITUTION, AND RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA) THE PLAINTIFF SEEKS A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION TO ENSURE THAT HE RECEIVES IMMEDIATE ACCESS TO SPECIAL DIETS, SAFETY IN A PRISON LOCATED OUTSIDE OF NORTHERN-CENTRAL-WESTERN, PA, HIS RELIGIOUS BOOKS AND RELIGIOUS ▬▬▬ LITERATURE, AND ALL OF HIS LEGAL MATERIAL PERTAINING TO THREE ACTIVE CASES, INCLUDING DOCUMENTS PERTAINING TO THIS PRESENT ACTION, WASHINGTON V. KLEM, NO. 05-2351 AND WASHINGTON V. COMMONWEALTH OF PENNSYLVANIA AND LEGAL EXHIBITS WILL NOT BE DESTROYED.

STATEMENT OF FACTS:

    THESE ARE LEGAL DOCUMENTS AND EXHIBITS PERTAINING TO THREE ACTIVE CASES, A CRIMINAL CASE: THIS PRESENT ACTION, AND WASHINGTON V. KLEM, NO. 05-2351. THE PRESENT COMPLAINT WHERE PLAINTIFF'S ALLEGING DENIAL OF ACCESS TO THE COURTS, RELIGIOUS EXERCISE, AND RIGHTS UNDER RLUIPA, THE RELIGIOUS BOOKS AND LITERATURE, AND EXHIBITS WHICH SOT-HUNTINGDON IS PLANNING TO DESTRAY SOLELY FOR THE SAKE OF RETRIBUTION, WHEREAS EVIDENCE THAT WILL PROVE MY RLUIPA CLAIM, AND MY ACTUAL INNOCENCE IN PLAINTIFF'S CRIMINAL CASE, WASHINGTON V. COMMONWEALTH OF PENNSYLVANIA. THROUGH OUT THE PA DOC INMATES WITH A LONE CASE, WHO POSSESS EXCESS BOXES OF LEGAL MATERIAL ARE FREELY GRANTED APROVAL FOR THEIR EXCESS BOXES OF LEGAL MATERIAL. IT IS UNHEARD OF FOR AN INMATE WITH JUST ONE (1) ACTIVE CASE NOT TO BE APPROVED. PLAINTIFF HAS THREE ACTIVE CASES. EVEN THOUGH SCI-HUNTINGDON ADMINISTRATION

TION IS ALL ADMITTED, THIS IS ALL BEING FUELED BY ~RACISM~ `AND` `REVENGE`, WITH OUT THE LEGAL DOCUMENTS PLAINTIFF IS PLACED IN A `LOSE-LOSE` SITUATION IN ALL THREE CASES. THESE ARE BLATANT VIOLATIONS OF PLAINTIFF'S FIRST AMENDMENT RIGHTS OF ACCESS TO THE COURT, RELIGION, AND RLUIPA.

SCI-HUNTINGDON HEALTH CARE ADMINISTRATOR: Ms. MARY LOU SHOWALTER IS BLATANTLY DENYING PLAINTIFF'S ACCESS TO `SPECIALISTS` FOR SEVERAL SERIOUS HEALTH PROBLEMS HER OWN! SCI-HUNTINGDON-PHC: MS. MILLS, ALREADY ON `TWO (2)` DIFFERENT OCCASIONS, DECLARED SHE CANNOT! CURE OR CORRECT: i.e. (1) UNCONTROLLABLE DRIPPENS OF `SEMEN`-N-URINE, DUE TO A DOC SITTER INFLICTED INJURY, (2) DUE TO ANOTHER STAFF INJURY. PERIODICALLY ON A DAILY BASIS I AM UNABLE TO RAISE MY VOICE ABOVE A WHISPER, (3) CHRONIC DIGESTIVE DISORDER (4) DRASTIC LOSS OF WEIGHT-MUSCLE MASS-STRENGTH-STAMINA-ENDURANCE-ENERGY, AND CONSTANT-N-CONTINUOUS FATIGUE-EXHAUSTION-DEPRESSION, (5) IRREVERSIBLE FOOT FUNGUS, (6) GENITAL ATROPHIED, DEMORPHISM, (7) AN OPEN SORE ON THE PRESKIN OF MY PENIS WAS ALLOWED TO FESTER FOR MORE THAN A MONTH, NO TREATMENT-N-NO EXPLANATION AS TO WHY IT OCCURRED

MEDICATIONS AND TREATMENTS FOR LONG TERM CHRONIC AILMENTS, i.e. FIFTY SEVEN (57) TWELVE (12) AND TEN (10) YEARS ALL DISCONTINUED WILLY-NILLY

THESE DENIALS OF `SERIOUS` MEDICAL TREATMENT IS BEING CONDUCTED SOLELY FOR THE SAKE OF RETALIATION. THIS IS A BLATANT VIOLATION OF PLAINTIFF'S 8th AMENDMENT RIGHTS.

DUE TO CURRENT ON-GOING THREATS BY SCI-HUNTINGDON STAFF TO `KILL` HIM OR HAVE PLAINTIFF `KILLED` IF HE IS PLACED IN THE SCI-HUNTINGDON INMATE POPULATION IN ANY-N-ALL PRISONS LOCATED IN NORTHERN CENTRAL-WESTERN, PA

SEVERAL TIMES OVER PLAINTIFF HAS GIVEN `NAMES`-N-`SPECIFICS` TO SCI-HUNTINGDON ADMINISTRATION, i.e. WARDEN-WARDEN'S ASSISTANT-BOTH DEPUTY WARDEN-HEALTH CARE ADMINISTRATOR-TWO UNIT MANAGERS-TWO COUNSELORS-PSYCHIATRIC CO-ORDINATOR-PSYCHOLOGIST-TWO PSYCHIATRISTS, etc. THEREFORE, THE SCI-HUNTINGDON, ADMINISTRATION IS `ACUTELY` `AWARE` OF `ALL` OF THE ISSUE RAISED IN THIS MOTION e.g. 1. H-17-2006, PLAINTIFF'S VERY FIRST DAY IN SCI-HUNTINGDON. WHILE BEING ESCORTED TO THE RHU STRIPPING-N-INTAKE AREA ON B-BLOCK BY JOHN DOE #1 AND JOHN DOE #2, TWO WHITE MALE OFFICER, WHO THREATENED TO `BASH` MY HEAD IN ON BEHALF OF SCI-FAYETTE CAPTAIN: SCOTT NICKELSON, AND LIEUTENANT: GEORGE REPOSKY, WHILE IN RETURN ROUTE THE VERY SAME TWO IDENTICAL SCI-HUNTINGDON OFFICERS THREATENED TO BREAK MY `FUCKIN NECK` FOR REMARKS PLAINTIFF HAD MADE ABOUT SCI-FAYETTE'S LIEUTENANT: DON TUSTIN, OFFICER: MARK J. POWELL AND HEALTH CARE ADMINISTRATOR: ROBERT TRETINIK.

(2)

2. ON 1-18-2006, _____ ... to my his dues for all of the things he'd said about SCI-Fayette's health care administrator, Robert Tretinik, and PAC/CHR ___ MEYER. She declared that she too CANNOT! CURE or CORRECT none of his health problem, Discontinued medications and treatments for 'chronic ailments'. This took place during sick call.

3. ON 1-19-2006, during sick call, SCI-Huntingdon PAC: Ms. D. Mills, 'AGAIN', declared that she CANNOT 'CURE or CORRECT' any of his health problems, Plaintiff's will NEVER! be seen by specialists, Plaintiff's dues were ____ starting, and he would regret 'ALL' of the things he'd said about Fayette's health care a ____ ministrator 'Robert Tretinik, and PAC: Chris Meyer. Then she gave me a direct order NOT! to sign-up for sick call again for any of the above (conditions) health problems or else she would summarily charge Plaintiff #____ and will not receive medical care.

4. ON 1-30-2006, SCI-Huntingdon officers: R. Prokop and S. Grassmyer, escorted Plaintiff to the property room, wh ____ tile in route, he was told that before he leaves this prison they were going to 'KICK' my 'TEETH' in. While i ____ the property room, they were joined by officers: McKnight and Younker. Plaintiff discovered his footlocker to be 'heavily damaged' and the antenna on his radio altered. PLAINTIFF was FORCED! to se ____ in front on open door with a fan blowing air in at full speed for nearly an hour. This occurred on a fro ____ ing cold night in mid-WINTER. I was told that they'd received word from SCI-Fayette officers: Dobr ____ zynski, Pehatrous, D. Evans, Snyder, Crutchman, Sgt. Burnette, Sgt. Shompert, Lt. Mozinac, unit manager Michael Zaken, all stating that Plaintiff had been a PRICK and needed to be taught a lesson, and because of that behavior he was going to leave SCI-Huntingdon 'IN A BOX'. During the return route ____ officers: S. Grassmyer and R. Prokop, asked him did he know the feelings of seeing death approaching, and not being able to avoid it. Well, he'd better get use to because his days were numbered, whether at this facility, or any other prison in Northern-Central-Western, PA.

5. BETWEEN, 3-31-2006, to 3-_____, urine test. Plaintiff do NOT! use or sell drugs; NEVER! has. This was obviously a retaliatory punitive act.

6. ON 3-01-2006, while escorting inmates to their 'NEW CELLS', officer: Younker, as he came pass Plaint ____ tiff's cell, on AB, 2037, he banged on the Plaintiff's cell door and steel screen covering the windows. Officer Younker committed this act three different times, saying 'YOU CAN'T HIDE WASHINGTON, SHAKING' his ____ stick ___ ____ he spoke.

7. ON 3-30-2006, officer: Younker, 'THREE' _____ ... 'AGAIN' made the Plaintiff ___ ... on the second tier, when Plaint ____ tiff _____ in AB, 2037

8. ON 4-7-2006, PLAINTIFF RECEIVED document OR HARRIED ASKRA4/07, UPage 22 of 44 NED THREE DOCUMENTS DR. KAYLOR WAS RETURNING TO THE PLAINTIFF. 'ALL' THREE DOCUMENTS WERE DAMAGED, LETTER FROM DR. KAYLOR UNTOUCHED

9. ON 3-22-2006, LETTER FROM MOTHER 'DAMAGED'

10. IN MID-APRIL, 2006, PLAINTIFF'S LONG TERM 'CHRONIC MEDICATION FOR HIGH BLOOD PRESSURE' DISCONTENT-ED 'WILLY NILLY'

11. OFFICER: SHOWALTER, WHO'S A RELATIVE OF THE HEALTH CARE ADMINISTRATOR: MS. M. L. SHOWALTER, ON 5-8-2006, PURPOSELY ' THREW ! THE PLAINTIFF'S BREAD ON THE FLOOR DURING THE EVENING MEAL; THEN HE DECLARED TO THE PLAINTIFF: 'NO MEDICAL CARE, NOW ! YOU DON'T GET CLEAN BREAD, THIS OCCURRED ON 2-10

12. ON 5-9-2006, WHILE RETURNING FROM EVENING YARD BEING ESCORTED BY MILLS ON THE 2-10 SHIFT, HE MOCKED PLAINTIFF CONCERNING THE FACT HIS FELLOW WERE VOWING TO 'KILL' THE PLAINTIFF.

13. ON 5-14-2006, OFFICER HALL UNDER THE GUISE OF TAKING THE PLAINTIFF TO THE PROPERTY ROOM, WHILE STANDING JUST OUTSIDE PLAINTIFF'S CELL DOOR IN HANDCUFFS PLAINTIFF WAS TOLD BY OFFICER: HALL, THAT HE WOULD 'KNOCK THAT 'SHIT EATING' SMILE OFF OF THE PLAINTIFFS FACE, THEN PLACE IT ON THE BACK OF HIS HEAD.

14. ON 5-21-2006, SOLELY FOR PUNITIVE RETALIATORY PURPOSES, LIEUTENANT: T. HOLTZ, THE RHU LIEUTENANT BLATANTLY REFUSED TO ALLOW PLAINTIFF TO RETRIEVE 'BONA FIED' LEGAL-N-RELIGIOUS LITERATURE. THIS IS A RIGHT WHICH IS FREELY EXERCISED DAILY THROUGHOUT THE PA. DOC, PURSUANT TO DOC POLICY. OFFICER: MILLS ON THE 2-10 SHIFT, PURPOSELY-N-STRATEGICALLY POSITIONED HIMSELF TO BE AT THE DA REAR GATE SO AFTER HAVING INCOURAGED LT. HOLTZ TO CONDUCT THIS PUNITIVE MEASURE, OFFICER MILLS TAUNTED PLAINTIFF.

15. SCI-HUNTINGDON'S HEALTH CARE ADMINISTRATOR: MS. M.L. SHOWALTER HAS RELATIVES EMPLOYED IN THIS PRISON, WHO WORK THROUGH OUT THE INSTITUTION, INCLUDING THE RHU, AS MENTIONED IN #11; AND PRC. MS. D. MILLS HAVE SEVERAL CLOSE RELATIVES WHO ARE EMPLOYED AT SCI-HUNTINGDON, WHO ARE ASSIGNED TO DUTIES THROUGHOUT THE INSTITUTION, ONE BEING OFFICER MILLS ON 6-2 SHIFT, THE 'HUSBAND'; AND OFFICER: MILLS ON 2-10 SHIFT HER BROTHER-IN-LAW, AND THE BROTHER TO HER HUSBAND, REFERRED TO AT #12 AND #17; BOTH OFFICERS ARE ASSIGNED TO THE BLOCK I AM HOUSED, AND THROUGHOUT THE PRISON. THEREBY, IS ONE OF MANY REASONS PLAINTIFF IS NOT! SAFE ! IN SCI-HUNTINGDON, OR ANY-N-ALL PRISONS LOCATED IN NORTHERN-CENTRAL-WESTERN, PA.

16. IT IS INEVITABLE THAT THE SCI-HUNTINGDON ADMINISTRATION IS GOING TO RETALIATE AGAINST PLAINTIFF IN A VICIOUS MANNER. FROM THE MOMENT THESE MATTERS IS RECEIVED BY THE ATTORNEY GENERAL'S OFFICE-GIVEN A DOCKET NUMBER-OR THE INDIVIDUALS RECEIVE THEIR MARSHAL FILING, PLAINTIFF IS VISIBLY 'AFRAID' FOR 'MY LIFE'

17. ON 6-3-2006, OFFICER MILLS, 6-2 SHIFT, THE HUSBAND OF PRC MS. MILLS, WENT ON A TYRAID IN REGARDS TO PLAINTIFF ASKING FOR A REQUEST SLIP. IT IS CLEARLY EVIDENT THAT HIS RESPONSE WAS IN RETALIATION FOR THE SAKE DEFENDING HIS WIFE.

(4)

18. ON 6-4-2006, OF ... OF NAIL CLIPPERS THAT WOULD NOT CUT. PLAINTIFF PERSONALLY OBSERVED SEVERAL PAIR OF NAIL CLIPPERS IN THE BOX (UNASSIGNED)

19. ON 6-23-2006, OFFICER G.C. BERGER "FORCED" ME TO KEEP A BLANKET THAT SMELLED SO AFOUL IT WAS AS IF THE BLANKET HAD BEEN SOAKED IN URINE, ALTHOUGH OFFICER BERGER WAS MADE AWARE OF THIS BLANKET'S FOUL SMELL BEFORE HE LEFT PLAINTIFF'S CELL DOOR. PLAINTIFF ALSO MADE HIM AWARE OF ISSUING HIM A JUMP SUIT WITH ABSOLUTELY NO BUTTONS WHICH OFFICER BERGER FORCED PLAINTIFF TO KEEP

20. ON 6-27-2006, OFFICER MILLS, ON 2-10 SHIFT WAS SENT TO MY CELL (DOOR) DA31/037; B) OFFICER G.C. BERGER; WHILE OFFICER MILLS TAUNTED-N-MOCKED ME CONCERNING MY HAVING BEEN FORCED TO KEEP A URINE SOAKED BLANKET, AND NOW THAT I'D RETURNED FROM THE NUT HOUSE SCI-HUNTINGDON STAFF WERE GOING TO POUND SOME SENSE INTO MY HEAD WITH THEIR NIGHT STICKS.

21. ON 6-29-2006, OFFICER : MILLS, 2-10 SHIFT, AND BERGER DENIED MY EVENING MEAL.

22. ON 6-30-2006, OFFICERS: G.C. BERGER AND MILLS, ON 2-10 SHIFT DENIED PLAINTIFF THE EVENING MEAL.

23. ON 6-30-2006, DR. ROBERT ALTMAN, PSYCHIATRIST, DECLARED TO PLAINTIFF THAT ASSAULTS BY GUARDS ARE A PART OF NORMAL EVERYDAY PRISON LIFE. SOME INMATES ARE BLESSED TO HAVE THE EXPERIENCE TWO - THREE TIMES. WHY ALL THE BELLY-ACHING, IF IT HAPPENS, IT HAPPENS

24. 7-2-2006, OFFICER MILLS, 2-10 SHIFT, DELIBERATELY GAVE PLAINTIFF A PAIR OF NAIL CLIPPERS THAT WOULD NOT CUT, OFFICER MILLS, SPITEFULLY WITH-HELD TOILET PAPER UNTIL MOMENTS BEFORE THE SHIFT CHANGE, OFFICER MILLS HAD USED THESE RETALIATORY TACTICS IN THE PAST

25. 7-3-2006, MS. AMY R. GINTER, PLAINTIFF'S COUNSELOR, (HAVING PURPOSELY MIS-LED PLAINTIFF FOR MONTHS) STRAIGHT TO HIM TO MONTHS CONCERNING THE PURPOSE OF HAVING TRANSFERRED TO SCI-WAYMART'S SAID MS. AMY R. GINTER, TOLD PLAINTIFF ONCE AND TWICE A WEEK FOR FOUR (4) STRAIGHT MONTHS THAT HE WAS BEING TRANSFERRED TO SCI-WAYMART TO RECEIVE MEDICAL TREATMENT BY "SPECIALISTS" FOR SEVERAL SERIOUS PHYSICAL HEALTH PROBLEMS THAT ALL PA, DOC DOCTORS -N- PACS, INCLUDING SCI-HUNTINGDON'S OWN! PAC, HAD ALREADY DECLARED TWICE, CHE; MS. DONNA MILLS, THE PAC CAN NOT! CURE OR CORRECT, WHEREAS, IN ALL ACTUALITY SCI-HUNTINGDON'S PURPOSE FOR HAVING PLAINTIFF TRANSFERRED TO SCI-WAYMART WAS TO HAVE HIM PLACED IN WAYMART'S SHU, FOR A PSYCHIATRIC EVALUATION FOR THE SAKE OF FORCEFULLY INJECTING PLAINTIFF WITH PSYCHOTROPIC DRUGS, THEN ( 7-3-2006, WHEN PLAINTIFF QUESTIONED HIS COUNSELOR CONCERNING HER HAVING LIED TO HIM SHE RESPONDED IN CIRCUMLOCUTION IN HER ATTEMPT TO JUSTIFY HER HAVING DELIBERATELY LIED TO HIM

26. ON 7-3-2006, G-BLOCK OFFICERS: TAGGEE-YOUNKER-MCKNIGHT-PROKOP, EXPLOITED THE OPPORTUNITY OF BRINGING PLAINTIFF IN FROM THE EXERCISE YARD AS THE LAST PERSON; PLAINTIFF WAS THREATENED, THAT ALL WERE STATING THEY WERE GOING TO "KILL" HIM, THERE WAS NO PLACE FOR HIM TO HIDE IN NORTHERN-CENTRAL-N-WESTERN, PA

27. ON 7-6-2006, OFFICERS : G.C. BERGER-DECKER-MILLS, 2-10, WHILE ESCORTING PLAINTIFF TO A NEW CELL

28. ON 7-16-2006, OFFICER: MILLS, 2-10 SHIFT, AGAIN DENIED PLAINTIFF TOILET PAPER FROM, 2 P.M.-TILL-AFTER 8:P.M.

29. ON 7-10-2006, DURING BREAKFAST A G-BLOCK OFFICER, SERVING BREAKFAST, 'PURPOSELY' THREW PLAINTIFF'S FRUIT-BREAD-N-MILK ON THE FLOOR. THEN DECLARED, HE WAS GOING TO GET MORE OF THE SAME TREATMENT ONCE PLAINTIFF SET ONE FOOT INTO SCI-HUNTINGDON INMATE POPULATION, THERE AINT NO PLACE THE PLAINTIFF CAN HIDE IN NORTHERN-CENTRAL-WESTERN, PA.

30. ON 7-21-2006, OFFICER: TADDEI LED THE ROUNDS OF THREATS-MOCKINGS-N-TAUNTS, OFFICER: TADDEI VOWED TO "KILL" PLAINTIFF, IT WOULD BE A LYNCHING. THERE WAS NO NEED FOR PLAINTIFF TO BE HIDDING OUT IN D-REST, WHETHER AT THIS FACILITY OR AT ONE OF OTHER INSTITUTIONS OF NORTHERN-CENTRAL-WESTERN, PA., THE PLAINTIFF WAS GOING TO DIE.

31. ON 7-25-2006, DURING THE RETURN TRIP FROM THE EXERCISE YARD, OFFICER: XXINKER MADE THREATENING GESTURE TO-WARDS PLAINTIFF WITH HIS NIGHT STICK IN HAND.

32. ON 8-1-2006, WHILE RETURNING FROM THE EXERCISE YARD DURING THE AFTERNOON, AS PLAINTIFF PASSED OFFICER GRASSMYER ON THE THIRD TIER OF DA3, HE SPAT SNUFF/OR TOBACCO JUICE ON HIM. IT WAS EVIDENT THAT THIS WAS AN ATTEMPT TO SPIT IN PLAINTIFF'S FACE, WHEREIN PLAINTIFF DUCKED CAUSING THE JUICE TO LAND ON HIS BACK-N-SHOULDER, PLAINTIFF WAS GIVEN A DIRECT ORDER TO EXCHANGE HIS JUMP SUIT.

33. ON 8-10-2006, OFFICER: MILLS, 6-2 SHIFT, THE "HUSBAND" OF PAC: MS. MILLS, AND THE BROTHER TO MR. MILLS ON THE 2-10 SHIFT, FOR THE SECOND TIME WITHIN A WEEK RESPONDED IN A VERY NASTY FASHION WHEN PLAINTIFF ASKED HIM TO SIGN A CASH SLIP. OFFICER MILLS HAD RESPONDED IN LIKE MANNER PRIOR TO THIS DAY SEVERAL TIMES. IT'S EVIDENT THAT OFFICER MILLS' REACTION WERE IN RETALIATION TO PLAINTIFF HAVING FILED A LEGAL CLAIM WHERE HIS WIFE AND BROTHER WERE BOTH CITED AS DEFENDANTS. . . . N.B. THE LEGAL ACTION FOREMENTIONED WAS PLACED IN OFFICER MILLS HANDS, ALONG WITH A CASH SLIP, 'INSIDE' OF AN 'UN-SEALED' ENVELOPE. ACCORDING TO THE CLERK OF COURTS, THE U.S. FEDERAL COURTS, THE PA. MIDDLE DISTRICT, THIRD CIRCUIT, VIA A LETTER DATED: 1-29-2007, THE LEGAL DOCUMENT WERE NEVER RECEIVED.

34. ON 8-17-2006, OFFICER: DECKER, USED THE PRETENSE OF CONDUCTING A 'SECURITY' CHECK ON PLAINTIFF CELL, AT DA3-2014, THEN WILLI-NILLY-N-WANTONED SEARCHED PLAINTIFF CELL, WHEREIN OFFICER DECKER KEPT A LETTER PLAINTIFF HAD WRITTEN TO HIS ATTORNEYS: MS. NANCY WINKELMAN AND EDWARD MARCHESELLI, AND LETTERS TO CHRONIC-N-PUBLIC OFFICIALS, WHEREBY, HE KEPT LOOK-THROUGH OF PLAINTIFF LEGAL-N-LEGAL STANDS. THEN ALL OF THESE ITEMS WERE SURREPTITIOUSLY PLANTED ON A 'WET-T-SHIRT', AND LEFT THERE TO SOAK TILL HE EXTENT WAS A THICK LEACH WERE PEELED OFF. THIS WAS A H. RETALIATING PLAINTIFF ARTICLE OF HIS WRITE... WHILE PLAINTIFF WAS A TIER DURING THE YARD EXERCISE PERIOD.

5. ON 8-17-2006, OFFICER, C.B. YEDLOSKE, WHILE ESCORTING PLAINTIFF BACK OFF OF THE EXERCISE YARD 'STRATEGICALLY'-N-PURPOSELY, REPEATLY STEPPED ON THE HEELS OF PLAINTIFF'S SHOE, THEN OFFICER YEDLOSKE TALKED

TO PLAINTIFF IN _____ PLACED ON MORE THAN ON OCCASION OFFICER YERGINSKI HAS MENACED-N-THRATEND THE PLAINTIFF CONCERNING HIS FELLOW OFFICERS WERE _____ TO 'KILL' HIM, OR HAVE PLAINTIFF 'KILLED'

36. ON 8-9-2006, OFFICER GRASSMYER, WHILE PLACING HANDCUFFS ON PLAINTIFF WHILE INSIDE OF HIS CAGE DURING THE ONE OF AFTER NOON EXERCISE YARD OFFICER GRASSMYER GESTURED A IF HE WAS AGAIN GOING A SPIT TOBACCO/SNUFF INSIDE THE PLAINTIFF. OFFICER: GRASSMYER WORKED YARD GATES ON THIS DAY.

37. ON 9-13/+ 22-2006, KAI/LEUTENANT' T. HOLTZ, KNOWINGLY-N- INTENTIONALLY DENIED THE PLAINTIFF A SCH- EDULED LEGAL PHONE CALL.

38. ON 10-5-2006, KAI/LIEUTENANT T. HOLTZ, ON HIS OWN ACCORD CAME TO THE PLAINTIFF'S CELL DOOR, D43-310c), ON THE 3RD TIER, THEN AWAKEN PLAINTIFF HIS SLEEP B) SCOLDING PLAINTIFF FOR CONTINUING TO RE- QUEST TO BE TAKEN TO THE PROPERTY ROOM TO RETRIEVE BOOKS, _____ ETC., LT. HOLTZ SEVERAL TIMES CALLED PLAIN- TIFF A LIAR, THEN WENT TO PLACE HIM ON CHARGES, ON G WITH WHERE HE TEACH PLAINTIFF A LESSON, LT. HOLTZ SHO- OUTED AT PLAINTIFF 'I AM GOD' THEN, AFTER LT. HOLTZ HAD LEFT PLAINTIFF'S CELL DOOR HE WAS OVERHEARD TELLING _____ OFFICE IN C.C. BEWET -N- D. DREXEL, TO SIGN PLAINTIFF A MISCONDUCT, LT. HOLTZ ASKED WHAT FOR DOING A SCREEN TO DO SO, HE'LL MAKE STUCK.

39. ON 10-5-2006, OFFICERS: D. DECKER-N- G. C. BEWER, PER THE ORDER OF KAI/LIEUTENANT' T. HOLTZ, ACTING COMMA- DENTED PLAINTIFF TOILET PAPER, FOR MORE THEN TWENTY (20) STRAIGHT HOURS, THEN OFFICERS: G.C. BEWER GAVE THE PLAIN- TIFF A MISCONDUCT FOR A BEHAVIOR THAT NEVER OCCURRED, 10-6 SHIFT COMMANDER GAVE PLAINTIFF TOILET TISSUE NOT TABLE RATIONED TOILET PAPER.

40. ON 10-6-2006, THE SHIFT COMMANDER ON THE 6-2 SHIFT GAVE OUT ORDER OFFICERS HALL ADDERL NOT TO GIVE PLAINTIFF TOILET PAPER. OFFICERS: R.M. KLENGER & MILLS.

41. ON 10-11-2006, OFFICERS: E. DEWART AND D. DECKER, FOR THE THIRD TT IS ON SEVEN (7) DAYS, i.e.10-7-2006, 10-9-2006 +10-11-2006) ACTING THE SHIFT OF A SECURITY CHECK OF PLAINTIFF'S CELL, D53-301 AND/OR A CELL SEARCH WHERE-AT NEARBEST DECKER AND R CRIGHET UTILIZTA PA. DOC POLICIES: DC-ADM 602) 203, 301, AND 802, IS WITH A CELL OF PLAINTIFF'S PROPERTY, READING HIS LEGAL DOCUMENT, THREW HT ON THE FLOOR, RIPPED HIS TARP THE _____ AND KICK THEM WA, ALL THE PROPERTY CONFETTI, REALLY A PAST PLAINTIFF THE DC-ADM 802 RULES, NONE OF THESE DOCU- MENTS WERE RETURNED OR BACK HIS FOR A PLACE IT IS WITH HIS DESTINATION OFFICER DECKER WAS EXPRESS HIS THOU _____ OF THE TIME _____ 'NIGGER RELIGION' THEN WAS A ACTUAL ASK NILS ERRS SO THEN HE WAS WHEN HIS _____ _____ _____ THE _____, HE WAS _____ WHEN WAS SAY 'STUPID N _____' THEN _____ THE _____ THEN PLAINTIFF WEAR WENT TO TELL HIM THE MISSION WELL _____ THEN SAY 'DAMN RIGHT, YOU CAN GET TO SOME 'NIGGER' FOLK _____ AND _____' WHEN THE PLAINTIFF ASKED, WHO IS A 'NIGGER'

(7)

POLITICIAN', BOTH OFFICERS ARE DOING A "GREAT JOB" OF MAKING PLAINTIFF'S STAY HERE, IN PENNSYLVANIA, NO MATTER WHERE YOU ARE IN NORTHERN-CENTRAL-WESTERN, PA. YOUR ASS BELONGS TO US. WHEN PLAINTIFF REQUESTED A CONFISCATION SLIP OFFICER DECKER THREATEN TO GIVE HIM A MISCONDUCT, PLAINTIFF STATED THAT HE'D GLADLY ACCEPT ACCEPT AS LONG AS A CONFISCATION ITEMS RECEIPT CAME ALONG WITH IT. TO DATE! BOTH OFFICERS AND THE RHU LIEUTENANT. T. HOLTZ HAVE REFUSED TO GIVE THE PLAINTIFF A CONFISCATED ITEMS RECEIPT, FOR THE ITEMS THEY PURPOSELY -N- STRATEGICALLY DESTROYED N.B. THESE WERE COLLECTOR'S ITEMS, WHICH, PENCH COULD OF EASILY HAVE GOTTEN $1,500 OVER THE INTER-NET. THESE WERE ITEMS DONATED TO PLAINTIFF BY PROFESSOR, WHO ARE NOW DECEASED, MOST OF THE ARTICLES ARE OUT OF PRINT.

75. ON 10-18-2006, AS PUNITIVE RETALIATORY MEASURE; MAJOR OF UNIT MANAGEMENT. S. GLUNT, RHU LIEUTENANT T, HOLTZ; COUNSELOR: MS. AMY R. GINTER, AND ACTING IN CONCERT HAD PLAINTIFF PLACED IN A FREEZING COLD CELL, SO COLD IT WAS LIKENED TO A WALK-IN FREEZER, WHICH ENDANGED PLAINTIFF TO SUFFERING A HEART ATTACKER. BY MOVING PLAINTIFF FROM D-REAR, TO B G-BLOCK, C-QUAD-1018 CELL

75. 11-1-2006, OFFICERS: JONES & LEHMAN, CONDUCTED A SECURITY SEARCH OR PLAINTIFF'S CELL, GC-1010; OFFICER. LEHMAN PURPOSELY THREW PLAINTIFF'S TOOTHBRUSH AND WASHCLOTH TO THE FLOOR

77. ON 11-4-2006, OFFICER MILLS, 2-10 SHIFT, WHILE COLLECTING THE RAZORS-N-MIRRORS, SAID TO PLAINTIFF AT HIS CELL DOOR, GC-1010; THAT "PLAINTIFF'S ASS BELONGS TO HIM NOW"

75. 11-6-2006, OFFICER YOUNKER CAME TO PLAINTIFF'S CELL DOOR, KICKED DOOR, THEN SAID TO PLAINTIFF, "YOU CAN'T HIDE FROM ME", IT IS ROUTINE FOR OFFICER YOUNKER TO MAKE THREATING GESTURES TOWARD PLAINTIFF, SOMETIMES, THREE FOUR TIMES A DAY, ON A DAILY BASIS.

76. ON A DAILY BASIS, PLAINTIFF IS SURROUNDED BY THE EXACT VERY SAME SCI-HINTERDON STAFF WHO ARE "CURRENTLY" THREATING TO "KILL" OR HAVE "KILLED", WHO ARE NOW THREATENING THE PLAINTIFF FROM 6 (A.M. - TIL-10 P.M.), ALSO INCLUDE, HART-MILLER-STEINER-RINGOLD-LONG-LT. JOHSON-LT. EWING-EVERY REGULAR OFFICER THAT WORK G-BLOCK SCOTT-BARR-YOST-DONALDSON-SNYDER-BOLA-LT. T. HOLTZ-LT. WALTER-SGT. MERABELLA-SGT. LILLA-LT. HARMAN-CPT. KAUFMAN-MOSHICHELE-LT. MARRETINGER-LT. BREDO-EVERY MEMBER OF THE SECURITY DEPARTMENT-LT. COOPER-K.M. LAWLER-AND-BY FAR THE WARDEN, DAVID J. WAKEFIELD

SOME OF THESE PLAINTIFF'S ATTITUDE TOWARDS PLAINTIFFS UNSPOKEN PLEADS TOWARDS THEM FOR SAFETY-N-HEALTH CARE, NOT ONLY IS PLAINTIFF DENIED YARD, HE IS NEVER! GIVEN ENOUGH TIME TO EAT, WHEREIN PLAINTIFF IS FORCED TO PLACE HIS FOOD ON THE LIT TRAY AND EAT WITH HIS HANDS. PLAINTIFF IS OFTEN FORCED's A CERTAIN AMOUNT THE PLAINTIFF HAS RECEIVED FROM THE TRAY, OR A TRAY, WITH A MEAL-SERVING

77. ON 11-17-2006, OFFICER HAND PURPOSELY CAUSED MY BREAD TO FALL TO THE FLOOR DURING BREAKFAST-N-NOON MEALS.

78. ON 12-1-2006, PLAINTIFF'S COUNSELOR: AMY R, GINTER, HAVING REFUSED TO VISIT HIM FOR FIVE (5) STRAIGHT WEEKS, SHE CAME TO PLAINTIFF'S DOOR, GC-1010, THEN THREATEN HIM, DECLARING SHE COULD CARE LESS IF PLAINTIFF HAD

③

HE WILL NEVER BE AFFORDED ACCESS TO A 'CARDIOLOGIST', SPECIALISTS FOR HIS MANY HEALTH PROBLEMS - MEDICATION - ALL

HIS LEGAL MATERIAL AND EXHIBITS WERE GOING TO BE DESTROYED, ALL OF HIS RELIGIOUS LITERATURE AND WOULD BE DESTROYED

AND HE WOULD NEVER BE COMPENSATED FOR THE DAMAGES OF HIS FOOTLOCKER - T.V. - RADIO - TYPEWRITER - WATCH. SINCE THE PLAINTIFF

IS TOO PRECIOUS FOR WHITE MEN TO EVER LAY A HAND ON THEM HE WOULD FOREVER REMAIN IN CONFINEMENT, MS. SINTER, WE..

ON TO STATE, WHAT THE PLAINTIFF NEEDED IS FOR A WHITE MAN TO DO IS TO GIVE HIM A GOOD OLDE 'ASS WHIPPING', WHEN

'WHITE MEN BEAT BLACK MEN' IT'S FOR THEIR OWN GOOD . . . SHE TAUNTED-N-MOCKED PLAINTIFF SEVERAL TIMES

CONCERNING THE ON-GOING THREATS TO ... HIS LIFE BY SCI-HUNTINGDON STAFF. AS LATE AS 2-27-2007, SHE VIA RE..

QUEST SLIP MOCKED PLAINTIFF BY IMPLYING THAT HE DO SOMETHING SCI-HUNTINGDON STAFF ARE CURRENTLY THREATEN..

ING TO 'KILL HIM ME OR HAVE HIM KILLED' IF HE DOES. THE COUNSELOR, KNEW ABOUT THESE THREATS IN ADVANCE.

49. ON 12-1-2006, RHU LIEUTENANT: THOMAS HOLTZ + OFFICER: R. PROKOP; SANCTIONED A MISCONDUCT WRITTEN BY

OFFICER: R. PROKOP FOR PLAINTIFF NOT AGREEING TO ALLOW SCI-HUNTINGDON GUARDS TO PHYSICALLY BEAT HIM-UP, LT.

HOLTZ, AND PROKOP, FOR THE PAST 10-MONTHS HAS THREATENED TO 'KILL' THE PLAINTIFF OR HAVE HIM 'KILLED'. THE

VERY SAME OFFICER PRAKOP ON A DAILY BASIS IS CONSTANTLY THREATENING TO DO PLAINTIFF BODILY HARM, AND HE TAUN..

-N-MOCK, AND DENY HIM A COMPLETE TRAY OF FOOD, AND BREAD, WHO'S THREATS BEGAN 1-30-2006, IS THE SAME R. PROKOP WHO WROTE

THE MISCONDUCT, WHICH WAS TANTAMOUNT TO PUNISHING PLAINTIFF BECAUSE HE DID NOT COMPLY TO DIRECT ORDER TO 'COM-

MIT SUICIDE'

50. TO DATE! SCI-HUNTINGDON ADMINISTRATION IS THREATENING TO DESTROY ALL OF PLAINTIFF'S LEGAL MATERIAL

AND EXHIBITS PERTAINING TO THREE ACTIVE CASES

51. ON 3-9-2007; 3-16-2007, + 3-30-2007; DR. KLEMICK RESPONDED TO PLAINTIFF'S REQUEST TO BE SEEN BY A CARD-

IOLOGIST - EAR, NOSE AND ... THROAT SPECIALIST, AND SPECIALISTS FOR HIS MANY SERIOUS HEALTH PROBLEMS, BY TALKING

TO PLAINTIFF IN INSULTS -N- IN WORDS WITH RACIST OVERTONES. DR. KLEMICK VOWED TO PRESCRIBE A MEDICINE FOR

PLAINTIFF THAT WILL DEFINITELY 'DESTROY' HIS LIVER.

52. ON 4-5-2007, OFFICERS: KURTZ - SNYDER - SCOTT, UNDER THE GUISES OF TAKING PLAINTIFF TO A NEARBY PRISON FOR MEDICAL

REASONS, STARTING FROM THE MOMENT THEY CAME TO PLAINTIFF'S CELL DOOR UNTIL HE WAS RETURNED TO HIS CELL, DA3-302..

THE THREE TOOK TURNS THREATENING HIM - SAYING ... SEXUALLY PERVERTED THING TO HIM AND MAKING RACIST COM..

MENTS

53. ON 4-12-2007, DR. LOWE, REFUSED TO TREAT PLAINTIFF'S MEDICAL COMPLAINTS, e.g. AT THAT TIME PLAINTIFF WAS EXP..

TENCING A DISCHARGE OF PUS-N-BLOOD; BUT PROCEEDED TO SCOLD PLAINTIFF; REFUSING TO GIVE ANY MEDICAL TREATMENT

54. DUE TO THE RELEVANCY A THREAT TO THE ON-GOING THREATS TO PLAINTIFF'S LIFE BY SCI-HUNTINGDON STAFF MEMBERS TO 'KILL'

THE PLAINTIFF OR HAVE PLAINTIFF 'KILLED', DEMONSTRATED BY MAJOR: S. GLUNT - CPT. KAUFFMAN - MAJOR: FISHER-

DEPUTY WARDEN - R. M. LAWLER - LT. J. EWING - LT. JOHNSON - LT. WALTER - LT. THOMAS HOLTZ - LT. HARMAN - LT.,

STAFF— EVERY MEMBER OF THE DEPARTMENT OF SECURITY — LT. R. COOPER — SGT. MIRABELLA — SGT. LILLA, AND FIRST AN

FOREMOST THE WARDEN: DAVID J. WAKEFIELD; CLEARLY DEMONSTRATES THAT THEY DEFINITELY DONOT HAVE PLAINTIFF'S

SAFETY-N-HEALTH IN THEIR INTEREST.

ALL OF THE FOREMENTIONED SCI-HUNTINGDON STAFF MEMBERS, INCLUDING DA2, BLOCK OFFICER: B. BULTER, HAS

CAUSED-PERPETIATED-N-EXACERBATED THE RISK-N-HIGHTEN THE DANGER TO (MY) LIFE.

ALL OF THESE ISSUES WERE RAISED SEVERAL TIMES OVER TO THE WARDEN-WARDEN'S ASSISTANT — TWO DEPUTY WARDENS—TW

UNIT MANAGERS—TWO COUNSELORS—THE HEALTH CARE ADMINISTRATOR-PSYCHOLOGIST-PSYCHIATRIC COORDINATOR-TWO PSYCHIATRIST

THREE CHAPLAINS—TWO SECURITY CAPTIENS; TO DATE ALL RESPONSES HAVE BEEN VERY FLIPPANT, THE WARDEN

YET TO TAKE THE APPROPRIATE SERIOUS ACTION; TO PROCURE MY "SAFETY-N-HEALTH". FOR THE WARDEN TO RE

FERR THESE ISSUES TO SOMEONE IS A MARKED DEMONSTRATION THAT HE SIMPLY DO NOT CARE IF I AM "KILLED" BY

SCI-HUNTINGDON STAFF.

IF THIS COURT ALLOW ME REMAIN-OR-TO EVER BE RETURNED TO SCI-HUNTINGDON THEN THE COURT WILL HAVE

SANCTIONED-N-ENSURED MY DEATH BY SCI-HUNTINGDON STAFF MEMBERS, OR ORCHESTRATED BY SCI-HUNTINGDON STAF

MEMBERS, THERE-AT I AM NOT! SAFE! IN SCI-HUNTINGDON OR IN ANY-N-ALL PRISONS LOCATED IN NORTH

CENTRAL — WESTERN, PA THERE AND AFTER.

I AM TERRIBLY "AFRAID FOR MY LIFE" I BEG THIS COURT TO PLEASE HELP

ME! I SUBMIT TO THIS COURT THE FOLLOWING PLEAD FOR HELP. YES! SCI-HUNTINGDON STAFF

MEMBER WILL DEFINITELY HURT ME SEVERELY! THESE ARE THE FAMILY MEMBERS — FRIENDS-NEIGHBORS

WHO PERMANENTLY DAMAGED ME PHYSICALLY-N-MENTALLY SO, ANY-N-ALL CLAIMS TO THE CONTRARY MUST

FALL WHEN IT'S FACT THEY HAVE DONE SO ALREADY.

TO DATE! I AM BEING THREATEN BY THE EXACT SAME SCI-HUNTINGDON STAFF MEMBERS ON A DAILY BASIS

IN LIGHT OF THE FOREGOING SET OF FACTS I BEG THIS COURT TO PROCURE THE PLAINTIFF'S "SAFETY-

N-HEALTH" BY IMMEDIATELY TRANSFERRING HIM TO SCI-CHESTER, OR SCI-GRATERFORD, ELSE I WILL DEFINITELY BE "KILL

ED" OR MY DEATH CAUSED BY SCI-HUNTINGDON STAFF MEMBERS.

THESE ON-GOING THREATS HAVE MADE LIFE FOR PLAINTIFF A STATE OF CONTINUEOUS NON STOP TERROR THIS IS

OVERT RACISM, AND IT'S BEING CONDUCTED SOLELY FOR RETALIATION... THIS IS A BLATANT VIOLATION OF PL

AINTIFF'S 8th AND 1st AMENDMENT RIGHTS VIA VOLUNTARY-N-DELIBERATE INDIFFERENCE.

# ARGUMENT

POINT I:

PLAINTIFF IS ENTITLED TO A PERMANENT RESTRAINING ORDER AND A PRELIMINARY INJUNCT

ION,

COURTS GENERALLY CONSIDER SEVERAL FACTORS: WHETHER THE PARTY WILL SUFFER IRREPARABLE INJURY, THE "BALANCE OF HARDSHIP" BETWEEN THE PARTIES, LIKELIHOOD OF SUCCESS ON THE MERITS, AND THE PUBLIC INTEREST. EACH OF THESE FACTORS FAVORS THE GRANTING OF THIS MOTION.

## A. THE PLAINTIFF IS THREATEN WITH IRREPARABLE HARM/ACTUAL INJURY:

THE PLAINTIFF ALL EGES THAT HE HAS BEEN PLACED IN A SITUATION IF THE TRO/PRELIMINARY INJUNCTION IS NOT ISSUED "ALL" OF HIS LEGAL MATERIAL, DOCUMENTS-N-EXHIBITS PERTAINING TO "TWO ACTIVE CASES" AND THIS NEWLY FILED COMPLAINT, WHICH TOTALS TO "THREE ACTIVE CASES". ONE PRESENTLY BEFORE THE THIRD CIRCUIT COURTS OF APPEAL WILL DEFINITELY BE "DESTROYED". PLAINTIFF WILL SUFFER A PERMANENT PHY-SICAL HARM HEALTH-WISE, PERMANENT LOST OF RELIGIOUS LITERATURE, AND HE WILL DEFINITELY BE "KILL ED" OR PLAINTIFF'S DEATH ORCHESTRATED BY SCI-HUNTINGDON STAFF MEMBERS, AND MORE SERIOUS THREATS N-RETALIATIONS ARE INEVITABLE.

SUCH CONDUCT BY PRISON OFFICIALS ARE A CLEAR VIOLATION OF THE 1st, 4th, 8th AND 14th AMENDMENTS, AND RLUIP . . . . A'S A MATTER OF LAW, THE CONTINUING DEPRIVATION OF CONSTITUTIONAL RIGHTS CON STITUTES IRREPARABLE HARM. BURNS, 427 U.S. 347, 373, 96 S. CT. 2673 (1976) ACTUAL INJURY. SEE LEWIS V. CASEY, 518 U.S. 343 (1996), OLIVER V. FAUVER, 118 F. 3d 175, 177-78 (3Rd CIR. 1997), BOUN V. SMITH, 430 U.S. 817, 827, 828, 97 S.CT. 1491 (1977); S.O.C, INC. V. COUNTY OF CLARK, 152 F. 3d 1136, 1148 (9th CIR 1998)(HOLDING THAT A CIVIL LIBERTIES ORGANIZATION THAT HAD DEMONSTRATED PROBABLE SUC CESS ON THE MERITS OF ITS FIRST AMMENDMENT OVERBREADTH CLAIM HAD THEREBY ALSO DEMONSTRATED IR REPARABLE HARM, AND THE "RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT 2000" ("RLUIPA")

A PLAINTIFF SUFFERS IRREPARABLE INJURY WHEN THE COURT WOULD BE UNABLE TO GRANT AN EFFECTIVE MONETARY REMEDY AFTER A FULL TRIAL BECAUSE SUCH DAMAGE WOULD BE INADEQUATE OR DIFFICULT TO ASCERTAIN. SEE TRI-STATE GENERATION + TRANSMISSION ASSOC., INC., V. SHOSHONE RIVER POWER, INC, 874 F.2d 1346, 1354 (10th CIR 1989). . .

THE PLAINTIFF ALLEGES HE WILL BE IRREPARABLY HARMED BECAUSE HIS ARBITRARY RELIEF WILL NOT PROPERLY AD DRESS PLAINTIFF'S DENTURES ADDED TO HIS HEALTH BOOKS AND WRITTEN LITERATURE, AND LEGAL PROPERTY. "WHEN AN ALLEGED CONSTITUTIONAL RIGHT IS DENIED, NO FURTHER SHOWING OF INTER SHOWING OF IRREPARABLE HARM IS NECESSARY", SEE 11 A CHARLES ALAN WRIGHT, ARTHUR R. MILLER + MARY KAY KANE, FEDER

(11)

TIES THE IRREPARABLE HARM ANALYSIS BY ALLEGING A VIOLATION OF RLUIPA. SEE _JOLLY_ V. _COUGHLIN_, 76 F.3d
448, 482 (2ND CIR. 1996). ALTHOUGH THE PLAINTIFF'S FREE EXERCISE CLAIM IS STATUTORY RATHER CONSTITUT-
IONAL/OR BOTH STATUTORY AND CONSTITUTIONAL, THE DENIAL OF PLAINTIFF'S RIGHT TO FREE EXERCISE OF HIS RELIGIOUS
BELIEFS "IS A HARM THAT CANNOT BE ADEQUATELY COMPENSATED MONETARILY." SEE LeBLANC-STERNBERG V.
_FLETCHER_, 67 F.3d 412, 436 (2ND CIR. 1995); _PAULSEN_ V. _COUNTY OF NASSAU_, 925 F.2d 65, 68 (2ND CIR. 1991)

2. _ATCHISON, TOPEKA + SANTA FE RY. CO._ V. _LENNEN_, 640 F.2d 255, 259 (10TH CIR. 1981)" WHEN EVIDENCE
SHOWS THAT THE DEFENDANTS ARE ENGAGED OR ABOUT TO BE ENGAGED IN THE ACT OR PRACTICES PROHIBITED BY A STATUTE
WHICH PROVIDES FOR INJUNCTIVE RELIEF TO PREVENT SUCH VIOLATIONS, IRREPARABLE HARM TO THE PLAINTIFF
NEEDS, NEED __NOT!__ BE SHOWN". AND AS A

3. CHILDREN OF THE 'SUN' CHURCH FOLLOWER, THE PLAINTIFF FACE THE POSSIBILITY OF IRREPARABLE INJURY,
ABSENT THE ENSURANCE OF PRELIMINARY INJUNCTION, IN ACTION UNDER RELIGIOUS LAND USE AND IN-
STITUTIONALIZED PERSONS ACT (RLUIA), PREVENTING THE PA DOC, SCUTH-INTENGDON FROM GOING FORWARD
ON ITS PROMISE TO DESTROY ALL OF PLAINTIFF'S RELIGIOUS BOOKS AND WRITTEN LITERATURE THAT ARE ALSO
LEGAL EXHIBITS; AND DEFENDANTS VIOLATION OF THEIR OWN POLICY DENYING PLAINTIFF ACCESS TO HIS
RELIGIOUS BOOKS WHEREIN PLAINTIFF IS FORCED TO FORE-GO HIS RELIGIOUS BELIEF, WHERE PLAINTIFF RE-
LIGION MANDATES THAT HE READ "AFROCENTRIC" BOOKS, THE BOOKS SCUTH-HUNTINGDON HAS DE-
NTED THE PLAINTIFF FROM HIS OWN PROPERTY ARE 'AFROKENTRIK' BOOKS. PLAINTIFF HAS SUFFERED
AN IMMEASURABLE AMOUNT BLESS DUE TO DEFENDANTS REFUSAL. THERE AND AT, PLAINTIFF
RAISES A COLORABLE CLAIM THAT POLICY VIOLATED HIS FREE EXERCISE RIGHTS UNDER FIRST AMEND-
MENT. . . . A PARTY SEEKING PRELIMINARY INJUNCTIVE RELIEF IN A FIRST AMENDMENT CONTEX
CAN ESTABLISH IRREPARABLE INJURY SUFFICIENT TO MERIT THE GRANT OF RELIEF BY DEMONSTRATING
THE EXISTENCE OF A COLORABLE FIRST AMENDMENT CLAIM . . . _NIKE INC._ V. _McCARTHY_, 379 F.3d
576, 580 (9TH CIR. 2004) (QUOTING _ELDER_ V. _P.G.A. TOUR INC._, 936 F.2d 417, 422 (9TH CIR. 1991) TH-
ESE TWO ALTERNATIVES REPRESENT EXTREMES OF A SINGLE CONTINUUM, RATHAN TWO SEPARATE TEST. THE
THE GREATER THE RELATIVE HARDSHIP TO THE PLAINTIFF, THE LESS PROBABILITY OF SUCCESS MUST BE SHOWN,
SEE _WALCZAK_ V. _EMC AND OTHERS_, 198 F.3d 725, 731 (9TH CIR. 1999)

4. THE LOSS OF FIRST AMENDMENT FREEDOMS, FOR EVEN MINIMAL PERIODS OF _TIME_, CONSTITUTES IRREPARABLE
INJURY FOR PURPOSES OF INSSURANCE AT A PRELIMINARY INJUNCTION, _ELROD_ V. _BURNS_, 427 U.S. 347, 373,
96 S. CT. 2673 (1976)

5. IN ANY EVENT, IT IS THE ALLEGED VIOLATION OF A CONSTITUTIONAL RIGHT THAT TRIGGERS A FINDING OF

IRREPARABLE HARM THAT CANNOT BE ADDRESSED BY MONETARY RELIEF," MITCHELL V. CUO-
MO, 748 F.2d 804, 806 (2nd CIR 1984)

6. COURTS HAVE PERSUASIVELY FOUND THAT IRREPARABLE HARM ACCOMPANIES A SUBSTANTIAL BURDEN

ON A INDIVIDUAL'S RIGHTS TO FREE EXERCISE OF RELIGION UNDER RLUIPA. SEE, e.g., ALAMEEN, 832 F SUPP AT

447-48; LUCKETTE V. LEWIS, 883 F. SUPP. 471, 483 (D. ARIZ., 1995)

IN ADDITION, THE PLAINTIFF IS THREATEN WITH IRREPARABLE HARM AND ACTUAL INJURY, BECAUSE ONCE

THESE DOCUMENTS AND EXHIBITS ARE DESTROYED, SOME BY INDIVIDUALS WHO ARE NOW ' DECEASED' IT WILL BE

IMPOSSIBLE TO REPLACE THEM . . . NO ACCESS TO "SPECIALISTS" FOR HEALTH, SEVERAL SERIOUS PRO-

BLEMS ALL PA DOC DOCTORS AND PACS, INCLUDING SCI-HUNTINGDON'S HAVE DECLARED THEY CANNOT

'CURE OR CORRECT,' HILL V. DEKALB REG'L YOUTH DET. CTR., 40 F.3d 1176, 1187 (11th CIR 194-

TAYLOR V. ADAMS, 221 F.3d 1254, 1258 (11th CIR 2000), TILLERY V. OWENS, 719 F. SUPP 1256, 1307 (W.D. PA

1931) HOWELL V. EVANS, 922 F.2d 712, 723 (11th CIR. 1991) CASEY V. LEWIS, 834 F SUPP 1417, 1547 (D. ARIZ

1993); INMATES OF OCCOQUAN V. GRADY, 717 F. SUPP 854, 567 (D.D.C. 1987); HELLING V. McKIN-

NEY, 509 U.S. 25, 113 S.CT. 2475, 2480 (1993), QUOTING DESHANEY V WINNEBAGO COUNTY DEP.

OF SOCIAL SERVICES, 789 U.S. 189, 200, 109 S.CT. 998 (1989); ANCATA V. PRISON HEALTH SERVICES, INC,

769 F.2d 700, 704-05 (11th CIR, 1985) (REFUSAL TO PROVIDE SPECIALTY CONSULTATIONS WITHOUT A COURT OR-

ER); ESTELLE V. GAMBLE, 429 U.S. 97, 104 (1977) (INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDI-

CAL CARE), FARMER V. BRENNAN, 511 U.S. 825, 837 (1994) (INCARCERATED UNDER CONDITIONS POSING

A RISK OF SERIOUS HARM), AND NO MEDICATIONS AND TREATMENT FOR CHRONIC LONG TERM HEALTH PRO-

BLEMS, CURRENT ON-GOING THREATS BY PA DOC STATE WORKERS, ARE BOUND TO LEAD TO IRREPARABLE-N

IRREVERSIBLE HARM, AND DEATH CAUSED OR ORCHESTRATED BY SCI-HUNTINGDON STAFF.

## B. THE BALANCE OF HARDSHIP ~~DOES~~ FAVORS PLAINTIFF:

IN DECIDING WHETHER TO GRANT

TRO'S AND PRELIMINARY INJUNCTIONS COURT ALSO WHETHER THE HARDSHIP ON THE MOVING PARTY IF THE INJUNC-

TION IS DENIED WELL OUT WEIGH THE SUFFERING ON THE NON-MOVING PARTY IF THE MOTION IS GRANTED . SEE

WILLIAM INGLIS + S. DRS V. LANDOE INC., 526 F.2d 775, 778-79 (9th CIR 1975), CALIFORNIA

T. V. TRAVELERS INS. CO., 689 F.2d 310, 314-15 (2nd CIR 1982)

2. TANNER MOTOR LIV. V. AVIS RENT-A-CAR, INC., 316 F.2d 97, 33-34 (9th CIR 1975) THE PLAINT-

IFF'S 'CLEAR OR SUBSTANTIAL' SHOWING OF A LIKELIHOOD OR SUCCESS WHERE (1) THE INJUNCTION SOUGHT "WILL ALTER, RA-

THER THAN MAINTAIN, THE STATUS QUO" — i.e., IS PROPERLY CHARACTERIZED AS A "MANDATORY" RATHER THAN "PROHIBITORY"

(13)

INJUNCTION; (2) VIRTUALLY ALL RELIEF SOUGHT, AND THAT RELIEF CANNOT BE UNDONE EVEN IF THE DEFENDANTS PREVAILS AT A TRIAL ON THE MERITS.

3. HOWEVER, EVEN IF THE MERITS OF THE CONSTITUTIONAL CLAIM WERE NOT "CLEARLY ESTABLISHED" AT THE EARLY STAGES IN LITIGATION, THE FACT THAT A CASE RAISES SERIOUS FIRST AMENDMENT QUESTIONS COMPEL A FINDING THAT THERE EXISTS "THE POTENTIAL FOR IRREPARABLE INJURY, OR THAT AT THE VERY LEAST THE BALANCE OF HARDSHIP TIPS SHARPLY IN MAINTIFF-MOVANT'S FAVOR. VIACOM INT'L INC. V. FOX 828 F. SUPP 741, 747 (N.D. CA 1993)

4. A PARTY SEEKING PRELIMINARY INJUNCTIVE RELIEF IN A FIRST AMENDMENT CONTEXT CAN ESTABLISH IRREPARABLE INJURY SUFFICIENT TO MERIT THE GRANT OF RELIEF BY DEMONSTRATING THE EXISTENCE OF A COLORABLE FIRST AMENDMENT CLAIM. ID. (CITING SAN DIEGO COMMITTEE V. GOVERNING BOARD, 790 F.2d 1471 (9th CIR 1186) BECAUSE THE TEST FOR GRANTING A PRELIMINARY INJUNCTION IS A "CONTINUUM IN WHICH THE REQUIRED SHOWING IN A HARM VARIES INVERSELY WITH THE REQUIRED SHOWING OF MERITORIOUSNESS", WHEN THE HARM CLAIMED IS A SERIOUS INFRINGEMENT ON CORE EXPRESSIVE FREEDOMS, A PLAINTIFF IS ENTITLED TO AN INJUNCTION EVEN ON A LESSER SHOWING MERITORIOUSNESS. SEE SAN DIEGO COMMITTEE, 790 F.2d AT 1473 N.1

5. WITHOUT THE GRANT OF THE INJUNCTION, PLAINTIFF WILL SUFFER THE PERMANENT LOST OF LEGAL DOCUMENTS AND EXHIBITS PERTAINING TO "THREE ACTIVE CASES", AND THE PERMANENT LOST OF HIS "AFRO KENTRIK" BOOKS AND WRITTEN LITERATURE, THE CONTEMPLATING LOST OF DEFINING BLESSINGS THAT CAN ONLY BE ATTAINED THROUGH THE STUDYING OF "AFROKENTRIK BOOKS" AND WRITTEN LITERATURE, AND THE "FORCED" ABANDONMENT OF HIS RELIGIOUS BELIEF. IF THE MOTION IS GRANTED DEFENDANTS WILL EXPERIENCE NO LOST, THE FOREMENTIONED PROPERTY WILL REMAIN IN STORAGE, AS IS TO DATE! IF THE MOTION FOR THE INJUNCTION IS NOT GRANTED PLAINTIFF PHYSICAL HEALTH WILL CONTINUE TO VASTLY DETERIATE CAUSING A VERY SLOW-N-PAINFUL DEATH. WITH THE GRANT DEFENDANTS WILL ONLY HAVE TO ALLOW PLAINTIFF TO BE SEEN-N-PROVIDED FOLLOW-UP MEDICAL TREATMENT BY MEDICAL SPECIALISTS. DEFENDANTS HAVING TO COMPLY TO A COURT ORDER PALES IN COMPARISON TO THE LOST OF HUMAN LIFE. IN LIGHT OF THE FOREGOING SET OF FACTS PLAINTIFF HAS DEMONSTRATED THAT HE WOULD INDEED SUFFER A LOST beyond ALL RECOVERY. THEREFORE, PLAINTIFF WOULD EXPERIENCE IRREPARABLE HARM IF THE PRELIMINARY INJUNCTION IS DENIED, AND THAT THIS HARM TO HIM FAR EXCEEDS THAN THE HARDSHIP THE DEFENDANTS WHICH IS SLIGHT OR MANIFEST IF THE INJUNCTION WERE GRANTED, SEE: EDEL V CITY OF WAYNE, 417 F.2d 393 293 (9th CIR 1169), MITCHELL V CUOMO, 748 F.2d 804, 806 (2nd CIR 1984) (HOLDING THAT DANGERS POSED BY PRISON CROWDING OUTWEIGHED STATE'S FINANCIAL ADMINISTRATIVE CONCERN) DURAN V. ANAYA, 642 F. S. 510, 5n7 (N NM 1186) HOLDING THAT PRISONER'S INTEREST IN SAFETY AND MEDICAL

IN THIS CASE, THE PRESENT DIFFERENCE OF THE PLAINTIFF IS AT THE CORE OF OUR COUNTRY'S GREATEST LIBERTIES, RELIGIOUS LIBERTY, ACCESS TO THE COURTS AND ACCESS TO SERIOUS MEDICAL TREATMENT ARE CONSTITUTIONAL VALUES OF THE HIGHEST ORDER. AND FRAMERS OF THE CONSTITUTION INCLUDED PROTECTION FOR THE FREE ACCESS TO THE COURTS, THE EXERCISE OF RELIGION, AND SERIOUS MEDICAL TREATMENT IN THE FIRST AND FOURTH-EIGHTH-AND FOURTEENTH AMENDMENTS. THE SUFFERING THE DEFENDANTS WILL EXPERIENCE IF THE COURT GRANTS THE ORDER WILL CONSIST OF STORING THE LEGAL MATERIAL AND LEGAL EXHIBITS, AND AFFORD PLAINTIFF THE ACCESS TO "SPECIALISTS". DEFENDANTS ARE DOING THAT AT THIS TIME AND PART WITH NO DIFFICULTY AT ALL. THEREFORE, IF THE COURT GRANTS THE MOTION IT WILL **NOT** ! CAUSE DEFENDANTS ANY CHANGE AT ALL.

## C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS:

THE PLAINTIFF HAS A GREAT LIKELIHOOD OF SUCCEED ON THE MERITS. THE LEGAL MATERIAL AND LEGAL EXHIBITS AT ISSUE PERTAINT TO THREE ACTIVE CASES TWO CIVIL, AND A CRIMINAL CASE. THE TWO CIVIL CASES, WASHINGTON V. KELM NO. 06-2351, & WASHINGTON V. WAKEFIELD, AND THEIR LEGAL EXHIBITS ARE PERTAINING TO "RLUIPA" THE COURT'S DECISION IN CUTTER V. WILKINSON, 544 U.S. 125 S.CT 2113 (2005) ESTABLISHED THE CONSTITUTIONALITY OF RLUIPA. AND RLUIPA MANDATES THE USE OF THE "LEAST RESTRICTIVE MEANS" TO ACHIEVE THEIR STATE INTEREST. AS WELL AS THE FACTS THAT PLAINTIFF HAVING MEET THE CRITERIA SET BY THE PA DOC OWN ! POLICY, DC-ADM 815, 803-802-801; WHICH ADDRESS THE AMOUNT OF PROPERTY AN INMATE IS PERMITTED TO OWN. PURSUANT TO POLICIES PLAINTIFF WARRANTS THE APPROVAL FOR EXCESS BOXES OF LEGAL MATERIAL AND EXHIBITS, AND ACCESS TO RELIGIOUS BOOKS AND RELIGIOUS LITERATURE.

1. ASHCROFT V. AMERICAN CIVIL LIBERTIES UNION, 542 U.S 656, 124 S.CT 2783, 159 L.ED 2d 690 (2004). IN ASHCROFT, THE COURT AFFIRMED THE GRANT OF A PRELIMINARY INJUNCTION IN A CASE WHERE THE GOVERNMENT HAD FAILED TO SHOW A LIKELIHOOD OF SUCCESS UNDER THE COMPELLING INTEREST. THE COURT REASONED THAT, "AS THE GOVERNMENT BEARS THE BURDEN OF PROOF ON THE ULTIMATE QUESTION OF THE CHALLENGED ACT'S CONSTITUTIONALITY, THE MOVANT MUST BE DEEMED LIKELY TO PREVAIL UNLESS THE GOVERNMENT HAS SHOWN THAT THE NON-MOVANTS PROPOSED LESS RESTRICTIVE ALTERNATIVES LESS EFFECTIVE THAN ENFORCING THE ACT" ID. AT 666, 124 S.CT. 2783. . . . THE LOGIC EXTENDS TO THIS CASE, WHERE EVEN AT THE PRELIMINARY INJUNCTION STAGE UNTIL THROUGHOUT THE TRIAL THE POINT REMAINS GOVERNMENT BURDEN, SEE: ID AT 665, 124 S.CT. 2783 BUT IN NO WAY DID THIS AFFECT COURT'S ASSESSMENT OF THE CONSEQUENCES OF THE GOVERNMENT HAVING THAT BURDEN FOR THE PRELIMINARY INJUNCTION. HERE



Case 2:07-cv-00873... Document 6... Filed 05/14/07... Page 84...

2. HERE THE BURDEN IS APPROPRIATELY DOCUMENTED... RATHER THAN THE FIRST AMEND-MENT, SEE 42 U.S.C. 2000cc 1-5, BUT THE CONSEQUENCES ARE THE SAME. CONGRESS' EXPRESSED DECISION T LEGISLATE THE "LEAST RESTRICTIVE MEANS" TEST INDICATES THAT RLUIPA CHALLENGES SHOULD BE ADJUDICATED IN THE SAME MANNER AS CONSTITUTIONALLY MANDATED APPLICATION TO THE TEST, INCLUD AT THE PRELIMINARY INJUNCTION STAGE, SEE GONZALES V. O CENTRO ESP BENEF UNIAO DO VEGE ____ U.S. ____, ____ 126 S. CT. 1211, 1219 (2006)

3. RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA)

RLUIPA PROVIDES IN PERTINENT PART:

(A) IN GENERAL

GOVERNMENT SHALL NOT SUBSTANTIALLY BURDEN A PERSON'S EXERCISE OF RELIGION EVEN IF THE BURDEN RESULTS FROM A RULE OF GENERAL APPLICABILITY, EXCEPT AS PROVIDED IN SUBSECTION (B) OF THIS SECTION.

(B) EXCEPTION

GOVERNMENT MAY SUBSTANTIALLY BURDEN A PERSON'S EXERCISE OF RELIGION ONLY IF IT DEMONSTRATES THAT APPL CATION OF THE BURDEN TO THE PERSON —

(i) IS IN FURTHERANCE OF A COMPELLING GOVERNMENT INTEREST; AND

(2) IS THE LEAST RESTRICTIVE MEANS OF FURTHERING THAT COMPELLING GOVERNMENT INTEREST INTREST

4. THE CONTINUING DEPRIVATION OF CONSTITUTAL RIGHTS CONSTITUTES "IRREPARABLE INJURY / ACTUAL INJURY ELROD V BURNS, 427 U.S. 347, 373, 96 S. CT. 2673 (1976). THIS PRINCIPLE HAS BEEN APPLIED IN PRISON LITIG ATION GENERALLY, SEE: NEWSOME V. NORRIS, 888 F.2d 371, 378 (6th CIR. 1989); MITCHELL V. CUOMO, 748 F.2d 804, 806 (2nd CIR. 1984). ALBRO V. COUNTY OF ONODGA, N.Y., 627 F.S. 1280, 1287 (N.D. N.Y. 1986); IN LIGGIS V. LANE, 646 F.S. 1409 (N.D. ILL. 1986) AFF'D 851 F.2d 867 (4th CIR. 1988), CERT. DEN 109 S. CT. 879 (1989)

IN LIGHT OF THE FOREGOING SET OF FACTS, NOT TO GRANT THE MOTION WOULD BE TANTAMOUNT TO DENY-ING PLAINTIFF HIS CONSTITUTIONAL RIGHT OF RELIGIOUS EXERCISE, ACCESS TO THE COURT, SERIOUS MEDICAL TREATMENT, AND RLUIPA, THE SPECIFIC EXPRESSION OF CONGRESS, THE ONE HUNDRED SIXTH CONGRESS OF THE UN ITED STATES OF AMERICA

5. ADDITIONALLY, TO DATE, PLAINTIFF IS IN PERFECT COMPLIANCE TO PA. DOC POLICIES, WHERE THE CONFLICT BE-GAN WHEN DEFENDANTS SOLELY FOR THE SAKE OF RETALIATIONS, DENYING PLAINTIFF THE APPROVAL FOR EXCESS BOX-ES OF LEGAL MATERIAL, AFTER PLAINTIFF HAVING ALREADY SERVED TIME, OVER MEETING PA. DOC DOM POLIC IES, PURSUANT TO DC-FIEM-8/3; DC-ADM 803; DC-ADM-802; DC#-ADM 801; YET DEFENDANTS DENIED PLAINTIFF ACCESS TO "SPECIALISTS', AND MEDICATIONS -N- TREATMENT FOR A LONG

VALVANO V. McGRATH, 325 F. Supp. 408 (E.D. N.Y. 1970); AL-JUNDE V. MANCUSI, 113 F. Supp. 2d 441, 449, 453 (W.D. N.Y. 2000); ATTICA V. ROCKEFELLER, 352 F.2d 12, 14 (2nd CIR. 1971); GILMORE V. LYNCH, 319 F.S. 105 (N.D. CAL. 1970); BRAY V. TELFORD, 677 F.S. 818 (N.D. ILL. 1987); BART V. TELFORD, 677 F.2d 622 (7th CIR. 1982); THADDEUS-X V. BLATTER, 175 F.3d 378, 401 (6th CIR. 1999). . . . SUCH AINT THESE ACTIONS ARE BEING CONDUCTED SOLELY FOR THE SAKE OF "RETALIATIONS", MOTIVATED BY RACISM, WHEREBY PLAINTIFF IS SPECIFIC ALLY TARGETED WITH THE GOAL OF CAUSING PLAINTIFF'S CIVIL ACTION, WASHINGTON V. KLEM, NO. 05-2381 WASHINGTON V. WAKEFIELD, AND CRIMINAL CASE, WASHINGTON V. COMMONWEALTH OF PENNSYLVANIA, TO FAIL OR TO BECOME MOOT! . . . DEFENDANTS MOTIVATE FOR DOING SO WOULD MAKE A DECISION BY THE COURTS IN THE CIVIL CASE IN THE PLAINTIFF'S FAVOR TO BE MEANINGLESS! . . . . COURTS HAVE ISSUED A TRO IN THE PAST TO STOP SUCH ACTION, GILMORE V. LYNCH, 219 F.S. 105 (N.D. CAL. 1970) AFF'D SUB NOM YONGER V. GILMORE, 404 U.S. 15 (1971). THIS WOULD BE TANTAMOUNT TO DEFENDANTS HAVING SUCCESSFULLY DE NIED PLAINTIFF'S 1ST-4th-8th AND 14th AMENDMENT RIGHTS, AND RLUIA, "PERMANENTLY"

6. CUTTER V. WILKINSON, 544 U.S. 709, 125 SCT. 2113 (2005) "EVERY STATE", INCLUDING PENNSYLVANIA, ACCEPTS FEDERAL FUNDING FOR ITS PRISONS. BRIEF FOR UNITED STATES 23, N.16 (CITING FY 2003 OFFICE OF JUSTICE PROGRAMS & OFFICE OF COMMUNITY ORIENTED POLICY SERVICES GRANTS BY STATE) ID 544 AT NOTE #1, THEREFORE DEFENDANTS ARE COMPELLED TO COMPLY TO THE MANDATE OF RLUIPA, "LEAST RESTRICTIVE MEANS"

7. AFFIRMATIVE ORDER: EACH-N-EVERY TIME PLAINTIFF HAS FILED A MOTION, OR LITIGATION WITH EITHER THE COURT, SUBMITTED A REQUEST SLIP TO SCI-HUNTINGDON ADMINISTRATION, OR A LETTER TO A "BLACK PUBLIC" FIGURE HE HAS BEEN CONTINUOUSLY RETALIATED AGAINST FOR DOING SO. . . CONSIDER ING THE FACT ONE OF THE DEFENDANTS, SCI-HUNTINGDON FAC, MS. D. MELLS, HAS A HUSBAND, AND A BROTH ER-IN-LAW, ALL THREE ARE DEFENDANTS WORK ASSIGNMENT ARE THROUGHOUT THIS PRISON, THEN-N-THERE IT IS DEFINITELY "INEVITABLE" - THAT PLAINTIFF WILL THE VICTIM OF A VAST RETALIATION . . . THIS PLACES PLAINTIFF'S LIFE IN EXTREME DANGER OF BEING "SERIOUSLY INJURED", LEAVING THE PLAINTIFF PERMAN ENTLY AFFECTED PHYSICALLY-N-PSYCHOLOGICALLY. SEE: HELLING V. McKINNEY, 509 U.S. 25, 35 (1993); FARMER V. BRENNAN, 511 U.S. 825, 847 (1994) BEERS-CAPITOL V. WHETZEL, 256 F.3d 120, 138 (3rd CIR. 2001). THIS IS NEVER! GOING TO STOP! THERE AND IN PLAINTIFF IS NOT! IN SCI-HUNTING DON, OR IN ANY-N-ALL PRISONS LOCATED IN NORTHERN-CENTRAL-WESTERN, PA. THE PLAINTIFF IS DEFINITELY GOING TO BE KILLED BY, OR HIS DEATH ORCHESTRATED BY SCI-HUNTINGDON STAFF I AM VIVIDLY "AFRAID" FOR "MY LIFE", SEE ATTICA V. ROCKEFELLER, 453 F.2d 12, 14 (2nd CIR 1971), LANDMAN V. ROYSTER, 333 F.S. 621, 656 (E.A. VA. 1971) SOSTRE V. McGINNIS, 442 F.S. 1177-8, 201 (2nd CIR. 1971)

D. THE PUBLIC INTEREST

WHILE AT TIMES IRREPARABLE INJURY HAS BEEN SUBSUMED INTO THE BALANCE OF THE
HARDSHIPS FOR THE SAKE OF EXAMINING THE PUBLIC INTEREST IN DETERMINING THE APPROPRIATENESS OF A PRELIMINARY IN-
JUNCTION; e.g. CARIBBEAN MARINE SERVICES CO. V. BALDRIGE, 844 F. 2d 668, 674 (9ᵗʰ CIR. 1988). IT IS BETTER SEEN
AS A ELEMENT THAT DESERVE SEPARATE ATTENTION WHERE THE PUBLIC INTEREST MAY BE AFFECTED. SEE FUND FOR ANIMALS V.
LUJAN, 962 F. 2d 1391, 1400 (9ᵗʰ CIR. 1992), WESTLAND WATER DIST. V. NATURAL RESOURCES DEFENSE COUNCIL, 43 F.3d
457, 457 (9ᵗʰ CIR. 1994) ("IF THE PUBLIC INTEREST IS INVOLVED, THE DISTRICT COURT MUST ALSO DETERMINE WHETHER THE PUB-
LIC INTEREST FAVORS THE MOVANT") THE PUBLIC INTEREST INQUIRY PRIMARILY ADDRESSES IMPACT ON NON-PARTIES RATHER THAN PAR-
TIES. COURTS CONSIDERING A REQUEST FOR PRELIMINARY INJUNCTION HAVE CONSISTENTLY RECOGNIZED THE SIGNIFICANT PUBLIC
INTEREST IN UPHOLDING FIRST AMENDMENT PRINCIPLES. SEE, HOMANS V. ALBUQUERQUE, 2007 F.3d 1240, 1244 (10ᵗʰ
CIR. 2001) ("WE BELIEVE THAT THE PUBLIC INTEREST IS BETTER SERVED BY FOLLOWING BINDING SUPREME COURT PRECEDENT AND
PROTECTING THE CORE FIRST AMENDMENT RIGHT OF POLITICAL EXPRESSION"); IOWA RIGHT TO LIFE COMMITTEE, INC, V. WIL-
LIAMS, 187 F.3d 963, 970 (8ᵗʰ CIR. 1999) (FINDING A DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN GRANTING
A PRELIMINARY INJUNCTION "BECAUSE THE POTENTIAL HARM TO INDEPENDENT EXPRESSION AND CERTAINTY IN PUBLIC DISCUS-
SION OF ISSUES IS GREAT AND THE PUBLIC INTEREST FAVORS PROTECTING CORE FIRST AMENDMENT FREEDOMS"). SUSTER V. MARSHALL,
149 F.3d 523, 530 (6ᵗʰ CIR. 1998) (HOLDING CANDIDATES FOR JUDICIAL OFFICE WERE ENTITLED TO PRELIMINARY INJUNCTIONS OF
EXPENDITURE LIMIT GIVEN ☒ LIKELIHOOD OF SUCCESS ON THE MERITS, IRREPARABLE HARM AND LACK OF PUBLIC INTEREST IN EN-
FORCING A LAW THAT CURTAILED POLITICAL SPEECH"). ELAM CONSTR., INC. V. REGIONAL TRANSP. DIST., 129 F.3d 1343, 1347 (10ᵗʰ
CIR. 1997) (STATING, IN CONTEXT OF A REQUEST FOR INJUNCTIVE RELIEF THAT "THE PUBLIC INTEREST . . . FAVORS PLAINTIFFS'
ASSERTION OF THEIR FIRST AMENDMENT RIGHTS") G & V LOUNGE, INC. V. MICH. LIQUOR CONTROL COMMISSION, 23 F.3d
1071, 1079 (6ᵗʰ CIR. 1994) (NOTING, IT IS ALWAYS ☒☒ PUBLIC INTEREST TO PREVENT THE VIOLATION OF A PARTY'S CONSTIT-
IONAL RIGHTS"); CATE V. OLDHAM, 707 F.2d 1176, 1190 (11ᵗʰ CIR. 1983) (HOLDING THE "STRONG PUBLIC INTEREST IN PROTECT-
ING FIRST AMENDMENT VALUES") FAVORED PRELIMINARY INJUNCTIVE RELIEF"). THE ON-GOING ENFORCEMENT OF THE PATENT-
TIALLY UNCONSTITUTIONAL REGULATIONS IN ░░░░░░░░ WOULD INFRINGE NOT ONLY THE FREE EXPRESSION INTEREST OF
ALL AMERICANS, ░░░░░░░░ IN THIS CASE, BUT ALSO THE INTERESTS OF OTHER PEOPLE WHO ░░░░░░ ENTER THE COMPLEX PA. DOC.
THE INSTANCE CASE, THE GRANT OF RELIEF WILL SERVE THE PUBLIC INTEREST BECAUSE IT IS ALWAYS IN THE PUBLIC INTER-
EST FOR LAW TO BE CONSTITUTIONAL, ELAM V. ░░░░░░, (373 F.s. 578, 589 (D. N.M. 1974) ("RESPECT FOR LAW, PARTICULARLY BY
OFFICIALS RESPONSIBLE FOR THE ADMINISTRATION OF THE STATE'S CORRECTIONAL SYSTEM, IN ITSELF IS A MATTER OF THE
HIGHEST PUBLIC INTEREST") SEE ALSO LLEWELLYN V. OAKLAND COUNTY PROSECUTOR'S OFFICE,
43 F.s 1377, 1373 (E. D. MICH. 1976) ("IS ░░░░░░░░░░ TO THE ░░░░░░░░░ EXPRESSION OF THE PUBLIC INTEREST")

POINT : II

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY :

USUALLY A LITIGANT WHO OBTAINS INTERIM INJUNCTIVE RELIEF IS ASKED TO POST SECURITY, FRCP 65(C) HOWEVER, THE PLAINTIFF IS AN INDIGENT PRISONER AND IS UNABLE TO POST SECURITY, THE COURT HAS DISCRETION TO EXCUSE AN IMPOVERISHED LITIGANT FROM SECURITY. ORANTES-HERNANDEZ V. SMITH , 541 F.S. 351, 358 N. 30 (C.D. CAL, 1982); J L V. PARHAM, 412 F.S. 112, 140 (D. GA. 1976), REV'D ON OTHER GROUNDS, 442 U.S. 584, 99 S. CT. 2493 (1979), IN VIEW OF THE SERIOUS CONSTITUTIONAL ISSUE AND THE PLETHORA OF LEAL REASONING BACKING PLAINTIFF'S CLAIM THE COURT SHOULD GRANT THE RELIEF REQUESTED WITHOUT THE POSTING OF SECURITY.

### CONCLUSION

IN LIGHT OF THE FOREGOING SET OF FACTS THE COURT SHOULD GRANT THE RELIEF OF THE MOTION IN ITS ENTIRETY.

"RESPECTFULLY SUBMITTED"
S/ Henry unsold Washington

DATED: 5-3-2007

ANY-N-ALL FAMILY, AND OR FORCED OR TRAINED A - ANY MEMICK DO NOT DENY ACCESS TO 'SPECIALISTS' AND SERIOUS MEDICAL TREATMENT AND ULTIMATELY A PRELIMINARY INJUNCTION

7. FOR THE FOREGOING SET OF FACTS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION IN 'ALL' RESPECTS

PURSUANT TO 28 U.S.C. 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

"ONE-IN-HIM"

S/ Henry Arnold Washington

DATED: 5-3-2007

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
                    PLAINTIFF

          V

JAMES L. GRACE, DAVID J. WAKEFIELD, DORINA VARNER,
MELVIN S. LOCKETT, R. M. LAWLER, HARRY WILSON,
LINDA D. HARRIS, MARK KRYSEVES, CAROL SEIFE,
S. GLUNT

} DECLARATION IN SUPPORT OF
}        PLAINTIFF'S
} MOTION FOR A TEMPORARY RESTRAINING ORDER
} AND PRELIMINARY INJUNCTION
}
}        CASE NO. _____

HENRY UNSELD WASHINGTON DECLARES UNDER PENALTY OF PERJURY:

1. I AM THE PLAINTIFF IN THIS CASE. I MADE THIS DECLARATION IN SUPPORT OF MY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PREVENT DEFENDANTS FROM DESTROYING LEGAL DOCUMENTS AND EXHIBITS PERTAINING THAT THREE ACTIVE CASES, WASHINGTON V. KLEM NO. 05.235 WASHINGTON V. JAMES L. GRACE, AND A CRIMINAL CASE, WASHINGTON V. COMMONWEALTH OF PENNSYLVANIA, AND RELIGIOUS LITERATURE

2. THE DENIAL OF ACCESS TO "SPECIALISTS" AND SERIOUS MEDICAL TREATMENT, AND CURRENT ON-GOING THREATS BY SCI-HUNTINGDON STAFF

3. AS SET FORTH IN WASHINGTON V. KLEM, NO. 05.-235, PLAINTIFF IS BEING DENIED ACCESS TO THE COURT, RELIGIOUS RIGHTS, AND RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT OF 2000 ("RLUIPA")

4. PLAINTIFF'S 1st, 4th, 8th AND 14th AMENDMENT RIGHTS ARE BEING VIOLATED

5. DEFENDANTS: DR KLEMICK--M. PHYSICIAN DR BRANSON-PAC, MS. MILLS AND HEALTH CARE ADMINISTRATOR M.L. SHOWALTER, ARE RESPONSIBLE FOR PROVIDING "SERIOUS MEDICAL TREATMENT" AND ACCESS TO "SPECIALISTS"

6. FOR REASONS SET FORTH IN THE MEMORANDUM OF LAW FILED WITH THIS MOTION, THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUIRING SCI-HUNTINGDON WARDENS GRACE & WAKEFIELD DO NOT! DESTROY PLAINTIFF'S LEGAL MATERIAL AND LEGAL EXHIBITS, AND RELIGIOUS LITERATURE, AND STOP DENYING PLAINTIFF ACCESS TO HIS RELIGIOUS BOOKS; AND PUT AN IMMEDIATE STOP TO THE THREATS, TAUNTING-MOCKING, AND RETALIATIONS IN

A-1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
                 PLAINTIFF

        V.

JAMES L. GRACE, DAVID J. WAKEFIELD, DORINA VARNER,

MELVIN S. LOCKETT, R.M. LAWLER, HARRY WILSON, LINDA D.

HARRIS, MARK KRYSEVIG, CAROL SCIRE, S GLUNT



ORDER TO SHOW CAUSE

FOR A TEMPORARY RESTRAINING

ORDER AND PRELIMINARY INJUNCTION

                 CASE NO._____

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER:

UPON THE SUPPORTING AFFIDAVIT OF THE PLAINTIFF AND THE ACCOMPANYING MEMORANDUM OF LAW, IT IS

ORDERED THAT ALL DEFENDANTS, JAMES L. GRACE, M.L. SHOWALTER, DAVID J. WAKEFIELD, DORINA VARNER,

MELVIN S. LOCKETT, R.M. LAWLER, HARRY WILSON, LINDA D. HARRIS, MARK KRYSEVIG, CAROL SCIRE, S. GLUNT,

AND 'ALL' REMAINING SCI-HUNTINGDON, AND SCI-FAYETTE STAFF MEMBERS WHO ARE CITED AS DE-

FENDANTS IN THE ATTACHED 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT, WASHINGTON V. JAMES L. GR-

ACE, SHOW CAUSE IN ROOM_____ OF THE UNITED STATES COURTHOUSE, 235 NORTH WASHINGTON

AVE., SCRANTON, PA 18501, ON THE ____ DAY OF _____, 2007, AT ____ O'CLOCK, WHY A PRE-

LIMINARY INJUNCTION SHOULD NOT BE ISSUED PURSUANT TO RULE 65 (A), FRCP ENJOINING THE SAID

DEFENDANTS, THEIR SUCCESSORS IN OFFICE, AGENTS AND EMPLOYEES AND ALL OTHER PERSONS ACTING IN CON-

CERT AND PARTICIPATION WITH THEM, TO NOT! DESTROY PLAINTIFF'S LEGAL MATERIAL AND LEGAL EXHIB-

ITS PERTAINING TO THREE ACTIVE CASES, WASHINGTON V. KLEM, AND THIS INSTANCE, WASHINGTON V. JAM-

ES L. GRACE AND WASHINGTON V. COMMONWEALTH OF PENNSYLVANIA, AND TO NOT! DENY PLAINTIFF ACC-

ESS TO 'SPECIALISTS' AND SERIOUS MEDICAL TREATMENT; ACCESS TO RELIGIOUS BOOKS, AND TO THE COURT;

AND TO NOT! THREATEN–MOCK–TAUNT–N–RETALIATE AGAINST PLAINTIFF IN ANY-WAY

IT IS FURTHER ORDERED THAT EFFECTIVE IMMEDIATELY, AND PENDING THE HEARING AND DETERMINATION OF THE

ORDER TO SHOW CAUSE, DEFENDANTS: JAMES L. GRACE, DAVID J. WAKEFIELD, DORINA VARNER, M. L.

SHOWALTER, MELVIN S. LOCKETT, R.M. LAWLER, HARRY WILSON, LINDA D. HARRIS, MARK KRYSEVIG, CAROL SCIRE,

S. GLUNT; AND EVERY REMAINING SCI-HUNTINGDON STAFF MEMBER CITED AS DEFENDANTS IN WASHING-

TON V. JAMES L. GRACE, SHALL IMMEDIATELY-N-PROMPTLY PROCURE PLAINTIFF'S ACCESS TO THE COURTS,

'SPECIALISTS'-N- SERIOUS MEDICAL TREATMENT – TO RELIGIOUS BOOKS, AND IMMEDIATE 'SEPARATION FROM 'ALL'

SCI-HUNTINGDON STAFF MEMBERS AND ALL PA. DOC STAFF MEMBERS OF ANY-N-ALL PRISONS LOCATED IN NORTH-

B-1

ERN-CENTRAL-WESTERN, PA., VIA AN IMMEDIATE TRANSFER TO A PRISON LOCATED `OUTSIDE`-▬

▬ OF NORTHERN-CENTRAL-WESTERN, PA., AND `ALL` OF PLAINTIFF'S PROPERTY IS IMMEDIATELY ▬ SHIPPED TO T

EXACT SAME FACILITY PLAINTIFF IS TRANSFERRED TO.

IT IS FURTHER ORDERED THAT THIS ORDER TO SHOW CAUSE, AND ALL OTHER PAPERS ATTACH

ED TO THIS APPLICATION, SHALL BE SERVED ON DEFENDANTS: JAMES L. GRACE, M.L. SHOWALTER, DAV

J. WAKEFIELD, DORINA VARNER, MELVIN S. LOCKET, R.M. LAWLER, HARRY WILSON, LINDA D. HARRIS, MARK K

SEVIG, CAROL SCIRE, S. GLUNT, AND EVERY REMAINING SCI-HUNTINGDON AND SCI-FAYETTE STAFF MEMBERS WHO

ARE CITED AS DEFENDANTS IN THE ACCOMPANIED 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT: WASHING

TON V. JAMES L. GRACE, BY _____ 2007, AND THE UNITED STATES MARSHALLS SERVICES IS HERE B

ORDERED/DIRECTED TO EFFECTUATE SUCH SERVICE.


S/

UNITED STATES DISTRICT COURT JUDGE

DATED:

## SWORN DECLARATION

I, HENRY UNSELO WASHINGTON, PURSUANT TO TITLE 28 U.S.C. SECTION 1746,
DECLARED UNDER THE PENALTY OF PERJURY:

THAT PLAINTIFF'S 1st, 4th, 8th AND 17th AMENDMENT IS BLATANT
LY BEING VIOLATED CONTINUEOUSLY ON A DAILY BASIS, THERE-IN-HENCEFORWARD PLAINTIFF'S SUBJECT OF HIS
FIRST AMENDMENT CLAIMS ARE DECLARED BY DEFENDANTS, SCHEDULED TO BE DESTROYED IN THE NEAR FUTURE, AND
DUE TO CURRENT ON-GOING THREATS AND RETALIATIONS BY PA DOC STAFF MEMBERS, AND SCI-HUNT
INGDON STAFF MEMBERS, AND THE CONTINUEOUS PAIN-N-SICKNESS PLAINTIFF IS BEING FORCED TO ENDURE,
HIS CONTINUEOUS FAILING HEALTH, DEFENDANTS DENIAL OF ACCESS TO SERIOUS MEDICAL TREATMENT, AND
TO 'SPECIALISTS', AND THE DEFENDANTS DENIAL OF ACCESS TO RELIGIOUS BOOKS.
PLAINTIFF FURTHER STATES THAT ONCE ALL OF HIS LEGAL MATERIAL AND LEGAL EXHIBITS HAS BEEN DE
STROYED THERE IS ABSOLUTELY NOWAY! TO REPLACE THEM BECAUSE THE PEOPLE WHO SWORE THESE
DOCUMENTS ARE NOW 'DECEASED', THEREFORE, THE TRO/PRELIMINARY INJUNCTION IS THE PLAINTIFF'S
ONLY! AVENUE TO PROVIDE THE SAFETY OF HIS LEGAL MATERIAL AND LEGAL EXHIBIT, AND TO GAIN ACCESS
TO SERIOUS MEDICAL TREATMENT-N-SPECIALISTS', AND TO HIS RELIGIOUS BOOK, WHICH IS A VIOL
ATION OF RLUIPA; AND TO END THE 'CURRENT' ON-GOING THREATS BY SCI-HUNTINGDON
STAFF TO PLAINTIFF'S LIFE, PLUS THE NON-STOP MOCKING-TAUNTING-AND RETALIATIONS

"RESPECTFULLY SUBMITTED"
S/ Henry Unsell Washington
HENRY UNSELO WASHINGTON
AM 3086                    PRO SE
1100 PIKE ST.
HUNTINGDON, PA. 16654-1112

DATED: 5-3-2007

C

HENRY UNSELD WASHINGTON
PLAINTIFF

V.

JAMES L. GRACE, DAVID J. WAKEFIELD, DORINA VARNER,
MELVIN LOCKETT, R. M. LAWLER, HARRY WILSON, LINDA
HARRIS, MARK KRYSEVIG, CAROL SCIRE, S. GLUNT

PROOF OF SERVICE

I, HENRY UNSELD WASHINGTON, PLAINTIFF, HEREBY THAT ON MAY-3-2007 CERTIFY
I SERVED A COPY OF A LETTER TO THE CLERK: MS. MARY E. D'ANDREA — SWORN DECLARATION — MEMORAND
UM OF LAW — DECLARATION IN SUPPORT OF MOTION — AND ORDER TO SHOW CAUSE; TO THE UNITED STATES
DISTRICT COURT, AND THE ATTORNEY GENERAL'S OFFICE, BY CAUSING THE COPY MAILED TO THE UNITED STATES
DISTRICT COURT TO BE DEPOSITED IN THE UNITED STATES MAIL CERTIFIED MAIL — RESTRICED DELIVERY
AND TO ATTORNEY GENERAL'S OFFICE, MAILED FIRST CLASS POSTAGE PREPAID TO THE FOLLOWING:

HONORABLE: MS. MARY E. D'ANDREA — CLERK
℅ UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
235 NORTH WASHINGTON AVE.
P. O. BOX 1148
SCRANTON, PA. 18501-1148

OFFICE OF ATTORNEY GENERAL
15th FL. STRAWBERRY SQUARE
HARRISBURG, PA. 17120

RESPECTFULLY SUBMITTED
S/ Henry Unseld Washington
AM-3086     PRO SE
HENRY UNSELD WASHINGTON
1100 PIKE ST.
HUNTINGDON, PA. 16654-1112

DATED:

A-E

HENRY UNSELD WASHINGTON
AM 3086
1100 PIKE ST.
HUNTINGA · PA   16654-1112

7006 0100 0000 3040 4760

**CERTIFIED MAIL**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 0100 0000 3040 4760

RECEIVED
SCRANTON
MAY 14 2007
PER _____ DEP_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
235 NORTH WASHINGTON AVE.
P.O. BOX 1148
SCRANTON, PA. 18501 - 1148

MAY 11 2007

INMATE MAIL

INMATE MAIL
PA DEPT. OF CORRECTIONS

UNITED STATES PC