IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY UNSELD WASHINGTON, | : |
| Plaintiff, | : CIVIL NO. 4:07-CV-0867 |
| v. | : (Judge Jones) |
| JAMES L. GRACE, et al., | : |
| Defendants. | : |

## MEMORANDUM

### January 15, 2008

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Presently pending before this Court are a plethora of submissions filed by Plaintiff Henry Washington ("Plaintiff" or "Washington"): an Application to Proceed In Forma Pauperis (doc. 2); two filings styled as Motions to Amend the Complaint (docs. 12 at 1-76, 19); one Motion for Appointment of Counsel (doc. 12 at 77-78); one Motion for Temporary Restraining Order/Preliminary Injunction (doc. 13); and one Motion for a Copy of the Docket (doc. 23). This case is also before the Court for screening pursuant to 28 U.S.C. § 1915(e).

For the reasons that follow, the Application to Proceed In Forma Pauperis shall be granted; the first Motion to Amend (docs. 12 at 1-76) shall be construed

1

as an Amended Complaint, and both the Amended Complaint (doc. 12 at 1-76) and Plaintiff's original Complaint (doc. 1) shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and all other pending Motions shall be denied as moot.

## PROCEDURAL HISTORY/FACTUAL BACKGROUND:

Plaintiff, currently an inmate at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), commenced this pro se action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983 on May 14, 2007. (Rec. Doc. 1). On same date, he also filed an Application to Proceed In Forma Pauperis and a corresponding Authorization to have the full filing fee deducted from his prison account.[1] (Rec. Docs. 2, 3).

On July 2, 2007, this Court issued an Order dismissing Plaintiff's Complaint for failure to follow the Federal Rules of Civil Procedure, but granting Plaintiff leave to file an Amended Complaint within twenty (20) days. (Rec. Doc. 7). Following our granting of two (2) extensions, on or about August 16, 2007, Plaintiff filed a submission entitled "Motion to Amend," but which appears to be an Amended Complaint. (Rec. Doc. 12 at 1-76). Attached thereto, but not docketed as such, is also a Motion for Appointment of Counsel. (Rec. Doc. 12 at

---

[1] We will construe the Application to Proceed In Forma Pauperis as a Motion to Proceed without Full Prepayment of Fees and Costs, and we will grant it.

2

77-78).

Subsequently, Plaintiff filed a Motion for Temporary Restraining Order/Preliminary Injunction (doc. 13), a second Motion to Amend the Complaint (doc. 19), and a Motion for a Copy of the Docket (doc. 23).

In our screening of this action pursuant to 28 U.S.C. § 1915(e), we will also summarily dispose of Plaintiff's pending submissions.

## STANDARD OF REVIEW:

28 U.S.C. § 1915(e)(2)(B) states that where a plaintiff is granted permission to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(e)(2)(B)(i) gives a court the authority to "dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, in determining whether a claim is frivolous, "a court is not bound . . . to accept without question the truth of the plaintiff's allegations"

and the court need not "accept as having an arguable basis in fact, all allegations that cannot be rebutted by judicially noticeable facts." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim on which relief may be granted if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In applying § 1915(e)(2)(B)(ii), the Court applies the same standard used when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse, 132 F.3d at 906. The Court need not, however, credit the plaintiff's "bald assertions" or "legal conclusions." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007).

## DISCUSSION:

### A.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

As outlined above, despite the extensions granted to Plaintiff by this Court, Plaintiff has failed to file an Amended Complaint that complies with the Federal Rules of Civil Procedure. Rather, the sole submission that could be, and has been, construed as an Amended Complaint, the "Motion to Amend" (doc. 12 at 1-76), is a seventy-six (76) page document, which contains one hundred and ninety-two (192) enumerated paragraphs detailing an extensive description of the factual allegations underlying Plaintiff's claims, between six (6) and nine (9) legal causes of action, and a prayer for relief. Similar to the original Complaint, which numbered sixteen (16) pages and named nearly ninety (90) Defendants from at least two (2) different correctional institutions, Plaintiff's Amended Complaint joins Defendants from more than one (1) institution, and a variety of disparate claims.

Stated another way, Plaintiff's Amended Complaint violates the same Federal Rules of Civil Procedure that our July 2, 2007 Order (doc. 7) urged Plaintiff to follow,[2] and does so even more egregiously than the original

---

[2] We note that our Order (doc. 7) detailed the ways in which Plaintiff's original Complaint (doc. 1) failed to comply with the Federal Rules of Civil Procedure, and that discussion is incorporated herein by reference.

5

Complaint. For example, Plaintiff's Amended Complaint fails to comply with Rule 20(a), which governs proper joinder. In short, although Plaintiff's Amended Complaint does not at any one location enumerate the named Defendants, those Defendants named within the factual allegations appear to be employees at the same two (2) state correctional institutions, SCI-Fayette and SCI-Huntingdon, where the nearly ninety (90) Defendants named in Plaintiff's original Complaint were employed. Moreover, the claims against Defendants appear to sound in such divergent causes of action as denial of due process, deliberate indifference, and an apparently misguided attempt to seek criminal prosecution under 18 U.S.C. § 242. Thus, this Court can envision no circumstances under which any alleged right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences," or Plaintiff's sundry claims share common legal issues or facts. Fed. R. Civ. P. 20(a)(2). Accordingly, they are inappropriate for joinder under Rule 20.

By way of further example, the Amended Complaint fails to comply with Rules 8(a) and 10. Rule 8(a) requires a <u>short and plain statement</u> setting forth: (1) the grounds upon which the court's jurisdiction rests, (2) the claim(s) showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. Rule 10 requires, <u>inter alia</u>: "A party must state its claims or

defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . ." Fed. R. Civ. P. 10(b). Plaintiff's seventy-six (76) page Amended Complaint is neither short nor plain. Indeed, its numbered paragraphs are not limited "to a single set of circumstances" – at least one of the one hundred and ninety-two (192) paragraphs spans thirty-nine (39) lines. (See Rec. Doc. 12, ¶ 86). In short, we find the Amended Complaint to be so diffuse as to be patently unanswerable.

The contents of Plaintiff's Amended Complaint (doc. 12 at 1-76) present this Court with a dilemma because although pro se parties' submissions are accorded substantial deference and liberality in federal court, Haines v. Kerner, 404 U.S. 519 (1972), Hughes v. Rowe, 449 U.S. 5 (1980), pro se parties are not free to ignore the Federal Rules of Civil Procedure. In our attempt to balance these two competing principles, we first afforded Plaintiff an opportunity to rectify the multiple shortcomings that we identified in our July 2, 2007 Order (doc. 7) prior to our screening of this matter. In light of the unhelpful result of that exercise, we now consider the viability of all filings that have been labeled, or could be construed, as Complaints. Specifically, we reconsider Plaintiff's original Complaint (doc. 1) and evaluate carefully Plaintiff's Amended Complaint (doc. 12 at 1-76).

Upon our recent re-examination of both Complaints (docs. 1, 12 at 1-76), it is clear that given the largely unintelligible nature of Plaintiff's allegations in both documents, they almost literally fail to state a claim. Moreover, to the extent that any of Plaintiff's allegations in the Complaints are intelligible, Plaintiff seeks relief that cannot be afforded by this Court. Thus, neither of Plaintiff's Complaints appear to state a claim on which relief may be granted. In the interest of caution, we shall dismiss this action without prejudice.[3]

## B.     Plaintiff's Motions

Because we will dismiss this action, we will deny as moot all of Plaintiff's pending Motions.[4]

---

[3] In any new actions that Plaintiff may file before this Court, Plaintiff would be well-advised to follow the Federal Rules of Civil Procedure, particularly those mentioned herein: Rules 8, 10, and 20. In pertinent part, any future Complaints should identify in the title each of the persons that Plaintiff wishes to name as Defendants, and set forth in the body each of Plaintiff's allegations against those Defendants in short, concise and plain statements, within sequentially numbered paragraphs. Stated another way, the Complaint should concisely specify the alleged wrongs taken by particular Defendants. Further, the claims set forth in the Complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. Finally, the Complaint should indicate the nature of the relief sought and be signed.

[4] In the interest of completeness, we note that our caution in disposing of this pro se action led us to endeavor to find counsel for Plaintiff. In fact, the delay in our issuance of this Order is due in large part to that quest. However, just as we have concluded here, the attorneys that we sought to appoint for Plaintiff found that Plaintiff could not state a claim upon which relief could be granted. We also note that Plaintiff has filed an unrelated action in this Court (Washington v. Klem, 3:01-CV-2432) and that he was successful in obtaining pro bono counsel on his own in that matter. While we recognize that those attorneys were certainly not beholden to take up representation of Plaintiff here, we wonder why he could not at least consult with them regarding how to properly frame any claims that he may desire to reassert.

## **CONCLUSION:**

For all of the aforestated reasons, this action shall be dismissed without prejudice, and all pending Motions shall be denied as moot. An Order closing this case shall issue on today's date.