IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY WASHINGTON, | : | 4:07-cv-867 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| JAMES L. GRACE, *et al.,* | : | |
| Defendants. | : | |

# MEMORANDUM

## June 28, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is the Defendants' Motion to Dismiss (Doc. 46) filed on March 5, 2010. By Order dated March 25, 2010 (Doc. 54), we granted Plaintiff Henry Washington ("Plaintiff" or "Washington") a 45 day extension of time to file an opposition to the Defendants' Motion. The time for this filing has elapsed without a brief in opposition filed by Plaintiff.[1] Accordingly, this matter is ripe for our review.

---

[1] It is our assumption, however, that Plaintiff does oppose the Defendants' Motion although he has not filed a brief in light his multiple filings with this Court since our Order extending time issued.

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this matter, *pro se*, on May 14, 2007 by filing a Complaint with Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 1). By Order dated July 2, 2007, we issued an Order dismissing the Complaint and requiring the Plaintiff to file an Amended Complaint. (Doc. 7). After twice granting Plaintiff extension of time, Plaintiff filed an Amended Complaint on August 30, 2007. (Doc. 12).

Thereafter, on January 15, 2008, we issued an Order dismissing the Amended Complaint for, *inter alia*, failure to comply with Fed. R. Civ. P. 8(a). (Docs. 24 and 25). By Order dated June 30, 2008, we denied Plaintiff's Motion for Reconsideration. (Doc. 31).

On July 9, 2008, Plaintiff appealed our dismissal of the case to the United States Court of Appeals for the Third Circuit. (Doc. 32). On December 18, 2009, the Third Circuit issued an Opinion vacating our dismissal of the case. The Third Circuit concluded that Plaintiff's Amended Complaint met the notice pleading requirement of Rule 8. (Doc. 39). On December 21, 2009, the Clerk of Court reopened this matter pursuant to the Third Circuit's opinion.

On March 5, 2010, the Defendants filed the instant Motion.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked

by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking

4

these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. FACTUAL BACKGROUND

Plaintiff is an inmate formerly incarcerated at the State Correctional Institutions at Fayette ("SCI-Fayette") and Huntingdon ("SCI-Huntingdon"). The Defendants are past and present employees at SCI-Fayette and SCI-Huntingdon. The Amended Complaint spans over 70 pages, contains nearly 200 paragraphs, and names 40 defendants. Plaintiff accuses the Defendants of threats to kill him, denial of food, shower, and exercise yard, use of excessive force against him, denial of medical care, and damage to his personal property.

Plaintiff was housed at SCI-Fayette from approximately June 20, 2004 to January 17, 2006, when he was transferred to SCI-Huntingdon. Paragraphs 1 to 35 of the Amended Complaint deal with events that allegedly took place at SCI-

Fayette. The remaining paragraphs concern alleged events at SCI-Huntingdon. Plaintiff also objects to his transfer to SCI-Huntingdon. Some of the Plaintiff's allegations concerning medical care are directed to the employees of the independent medical contractor at SCI-Fayette and SCI-Huntingdon.

The Amended Complaint contains claims for retaliation under 42 U.S.C. § 1983 (Count One), denial of due process (Count Two), deliberate indifference under the Eighth Amendment (Count Three), violation of 18 U.S.C. 242 (Count Four) and two pendent state law claims for negligence and medical malpractice.

## IV. DISCUSSION

### A. Counts One and Two

Counts One and Two are claims asserted pursuant to 42 U.S.C. § 1983.[2] It is well-established that the statute of limitations applied to section 1983 claims is borrowed from the forum state's personal injury statute. *See Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1088 n. 3 (3d Cir. 1988). In Pennsylvania, the applicable statute of limitations for a personal injury action is two years. *See* 42 Pa. C. S. A. § 5524. Accordingly, any claims that accrued two years prior to the filing of this action on May 14, 2007 are

---

[2] While Plaintiff does not actually state that Counts One and Two are brought pursuant to section 1983, inasmuch as Plaintiff is claiming violations of his constitutional rights by state actors, he must use section 1983 as his right of action. Thus, we shall analyze these claims pursuant to section 1983 jurisprudence.

6

time-barred. For example, Plaintiff's allegation that from June 30, 2004 to December 19, 2004, the Unit Manager verbally attacked him and ignored his complaints about other staff is time-barred.[3] Thus, any claims that occurred outside of the two year limitations period, i.e. claims that accrued prior to May 17, 2005, shall be dismissed as time barred.

Next, claims the claims against Defendants Scire, Lawler, Varner and Moore shall be dismissed to the extent they are being sued for denying Plaintiff's inmate grievances and appeals. It is well-established that the mishandling of an inmate grievance does not amount to a constitutional violation. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd without op.*, 142 F. 3d 430 (3d Cir. 1998). Prisoners have the right to seek redress of their grievances from the government, but that right is the right of access to the courts. *Wilson*, 971 F. Supp at 947. The right of access to the courts is not compromised by the failure of prison officials to address the inmate's grievances. *Id.* Thus, Counts One and Two shall be dismissed as against Defendants Scire, Lawler, Varner and Moore.

Further, Plaintiff's allegations of verbal threats and racist comments ascribed to the Defendants are not constitutional violations. *See Wilson*, 971 F. Supp. at

---

[3] Nor do we find that such alleged conduct is a cognizable violation of Plaintiff's constitutional rights.

948; *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1992); *Williams v. Bramer*, 190 F. 3d 699, 706 (5th Cir. 1999). Thus to the extent Counts One and Two allege violations of Plaintiff's constitutional rights based on verbal threats and racist comments, these claims are dismissed.

Next, we find that Counts One and Two must be dismissed as against the supervisory defendants who were not alleged to be personally involved with any of the civil rights violations.[4] It is well established that the Plaintiff must allege personal involvement on the part of an individual defendant in order to state a valid civil rights claim against him or her, including supervisory defendants. *Rode v. Dellarciprete,* 845 F. 2d 1195, 1207 (3d Cir. 1988). Simply put, supervisory personnel are not liable for the constitutional violations of their subordinates, unless the violations occurred with their knowledge and consent. *Id*. Here, after a careful review of the Plaintiff's Amended Complaint, it is evident that he does not allege personal involvement of any of the supervisory defendants. While Plaintiff alleges that he complained to some of the supervisory defendants, he does not allege that any of the supervisory defendants engaged in the alleged wrongful

---

[4] The supervisory defendants are Superintendent Wilson, former Superintendent Harris, former Deputy Superintendent Krysevig, former Superintendent Grace, former Superintendent Wakefield, former Assistant to the Superintendent Varner, former Deputy Superintendent Lockett, Superintendent Lawler, former Executive Deputy Secretary Schaffer, former Deputy Secretary Stickman, former Chief Counsel Farnan and former Director Fogel.

conduct. Accordingly, the claims must be dismissed as against the supervisory defendants.

Finally, Plaintiff's claims concerning his transfer from SCI-Fayette to SCI-Huntingdon must be dismissed because Plaintiff's transfer cannot and does not give rise to a constitutional violation. The placement of prisoners in the prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum v. Fano*, 427 U.S. 215, 224-225 (1976).

B. Count Three

Count Three of Plaintiff's Amended Complaint is a claim under the Eighth Amendment for deliberate indifference to medical needs. The exacting standard for this claim, established by the Supreme court in *Estelle v. Gamble*, 429 U.S. 97, 50 (1976) and its progeny, has two prongs: 1) it requires deliberate indifference to the prison officials and 2) requires that the prisoner's medical needs be serious. Deliberate indifference is more than inadvertence or a good faith error; it is characterized by "obduracy and wantonness." *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "The courts will not intervene upon allegation of mere negligence, mistake or difference of opinion. For a constitutional tort to arise and for a cause

of action to be stated under section 1983, the complainant must allege deliberate indifference to his continued health and well-being." *Little*, 192 F. Supp. at 815 (internal citation omitted).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provided care, delayed provision of medical treatment for non-medical reasons, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or by persistent conduct in the face of resultant pain and risk of permanent injury. *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth

Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his . . .

> care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." . . . . [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care . . . . Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

James, 230 F.App'x. at 197-198 (citations omitted).

In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional medical judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Taylor v. Norris, 36 Fed. Appx. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996)

(inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments over time, and inmate's disagreement with course of medical treatment was insufficient basis for Eighth Amendment violation); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir.1993) (inmate's mere disagreement with doctor's informed decision to delay surgery does not establish Eighth Amendment claim); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment); Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1988) (disagreement about whether doctor should have prescribed medication does not result in constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed to state facts indicating doctor deliberately disregarded his medical problem; inmate's disagreement as to proper medical treatment does not give rise to Eighth Amendment violation). Therefore, where a dispute in essence entails no more than a disagreement between an inmate

13

and doctors over alternate treatment plans, the inmate's complaint will fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997)(citations omitted).

A review of the Amended Complaint makes very clear that Plaintiff disagrees with the course of medical treatment he receives from the Department of Corrections, however, we cannot find that Plaintiff has sufficiently pled an Eighth Amendment claim for deliberate indifference. Specifically, Plaintiff asserts that he needs to be seen by a cardiologist, a "heart specialist," and "ear-nose-and-throat" specialist. Plaintiff also avers that he requires a test for "hepatitis-herpes-syphilis-gonorrhea and chlamydia." He also complains of his "toenail infection," and states that he requires a "diet of two whole grapefruits and 6 oz. of mixed nuts per day." However, Plaintiff specific allegations plainly do not rise to the level of serious medical needs or condition. For example, Plaintiff does not aver that he has any of the above-listed sexually transmitted diseases, he merely alleges that he must be tested for them.

Accordingly, based on all of the foregoing, the Plaintiff's Eighth Amendments claim must be dismissed.

C. Count Four

In Count Four, Plaintiff attempts to allege a claim under 18 U.S.C. § 242. However, the statute that Plaintiff attempts to use is a criminal statute arising under Title 18 of the United States Code. Private individuals are not entitled to bring claims under this statute. Accordingly, this claim shall be dismissed.

D.   State Law Claims

Plaintiff also attempts to bring state law medical malpractice and negligence claims against the Defendants. However, as state officials, the Defendants are protected by state sovereign immunity for conduct taken in the course of their official capacity. While there is an exception to sovereign immunity available for medical-professional liability, none of the state actors are medical practitioners, thus that exception does not apply. Further, to the extent Plaintiff asserts claims against medical contractors, Plaintiff has failed to file the required certificate of merit.[5] Accordingly, for the foregoing reasons, we shall dismiss the Plaintiff's pendent state law claims.

V.   **CONCLUSION**

Based on the foregoing, the Defendants' Motion shall be granted and this action shall be dismissed. An appropriate Order shall issue.

---

[5] Pursuant to Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff asserting a medical malpractice claim must file a certificate of merit with respect to each defendant within 60 days of the filing of the complaint. *See* Pa. R. Civ. P. 1042.3.